## McGUINTY vs. HERRICK.

If a defendant in execution *escape*, the plaintiff is remitted to his former rights,
the imprisonment is no longer a satisfaction, and the plaintiff may use the
judgment as a *set off* against a demand of the defendant, or proceed anew
against his person or property.

Where such judgment is insisted on as a set off, and submitted to and pass-
ed upon by a jury, whether the same be allowed or not, the judgment is
extinguished and the plaintiff concluded; and if the plaintiff subsequently
sues out execution upon such judgment, he is a *trespasser*.

To take a case out of the rule that a set off thus submitted is conclusive up-
on the party, it should be *affirmatively* shewn that the jury could not legal-
ly have allowed the defence.

A regular process from a court having jurisdiction of the subject matter af-
fords protection to the ministerial officers of the court, but yields none to
a party who wantonly takes an execution upon a *satisfied* judgment, and
sells the property of the defendant.

Error from the Clinton common pleas. M'Guinty sued
Herrick in a justice's court, and declared in *trespass* for tak-
ing certain goods and chattels. The defendant pleaded not
guilty, and justified under an execution issued on a justice's
judgment in favor of one Monty against M'Guinty, of which
judgment the defendant was the assignee. The plaintiff re-
plied, that the judgment pleaded by the defendant had been
submitted by him in a former suit between the same parties,
and passed upon by a jury, and that the plaintiff had been
committed to jail before that time on the same judgment.
The justice gave judgment for the plaintiff, and the defend-
ant appealed to the Clinton common pleas, where the cause
was again tried on the above pleadings.

On the trial in the common pleas, the following facts ap-
peared : On 30th September, 1826, a judgment was render-
ed by a justice of the peace in favor of one C. Monty against
McGuinty for $11,52, and an execution issued thereon, by

virtue of which McGuinty was arrested and committed to jail on 13th October, 1826. Subsequently, McGuinty commenced a suit against Herrick before another justice in assumpsit; Herrick appeared and pleaded the general issue, and gave notice that he would set off the above judgment in favor of Monty, he having become the owner thereof by assignment. At the joining of this issue, and after the defendant had pleaded and given notice of set off as above, the plaintiff stated that he had been committed to jail by virtue of an execution on that judgment, and still remained a prisoner, and denied the assignment of the judgment to Herrick; the defendant answered that *the plaintiff had escaped, and that he elected to consider him at large.* On the *twentieth* day of December, 1826, the suit of *McGuinty* v. *Herrick* was tried before the justice by a jury, and Herrick, after proving the assignment of the judgment of Monty to him, insisted that it was a legal set off to the demands of McGuinty; the parties produced proof for and against allowing the same, and the question was submitted to the jury, and passsed upon by them, whether the judgment was an off set in that cause. The jury gave their verdict in writing in these words: "The jury agree to allow the plaintiff $11,42, and not allow the off set of C. Monty's assignment." On the *twenty first* day of December, 1826, in the *morning,* McGuinty was discharged from imprisonment, upon making the required affidavit of having remained a true and faithful prisoner during the time prescribed by law; and in the *evening* of the same day, Herrick delivered an execution issued on the judgment of Monty against McGuinty to a constable, by virtue of which the property was taken, for the taking of which this suit was brought. This execution contained no command to imprison the body. Upon this state of facts, the defendant insisted, 1. That if the plaintiff was entitled to maintain an action, he should have brought *case,* and not *trespass;* and 2. That the unsuccessful attempt to set off the judgment of Monty against McGuinty, in the suit of the latter against Herrick, was not an extinguishment or satisfaction of the judgment, and no bar to an execution upon it against the *property* of Mc-

Guinty after his liberation from confinement under the first execution; and that such judgment was not a legal set off in the cause of *McGuinty* v. *Herrick*, tried on the *twentieth* day of December. The court charged the jury that *trespass* would not lie against the defendant; that the judgment and execution of Monty against McGuinty were a full justification of the defendant; that McGuinty being in prison on the judgment of Monty against him at the time that Herrick attempted to off set it, in the suit of McGuinty against him, it was not *then* a legal subject of set off, and that such unsuccessful attempt was not an extinguishment or satisfaction of the judgment; and that McGuinty having been discharged from imprisonment under the first execution, Herrick might legally seek satisfaction of the judgment of Monty against the *property* of McGuinty. The plaintiff excepted to the charge, and the jury found a verdict for the defendant, on which judgment was entered.

*J. Douglass Woodward,* for plaintiff in error. *Trespass* was properly brought; for whether the execution was or was not a protection to the officer, it certainly was none to the party who sued it out. If McGuinty had escaped from prison under the first execution, then the judgment of Monty against him was a proper subject of set off. This was the allegation of the defendant, and the only pretence on which it could have been offered as a set off. It was submitted to the jury, they passed upon it, and the defendant is concluded. If the judgment was extinguished, it could not be revived by the plaintiff subsequently procuring his liberation from imprisonment.

*W. Swetland,* for defendant in error. *Trespass* will not lie against a person acting under the authority of process regularly issued upon a regular judgment. If process be taken out maliciously, or from wrong motive, or where the party is not entitled to it, *case* will lie, but not trespass. 1 *Chitty's Pl.* 188. 2 *id.* 283, *n. m.* 3 *T. R.* 183. 3 *Caines' R.* 267. 1 *id.* 92. 13 *Johns. R.* 444. 10 *id.* 138. 20 *id.* 468. 19 *id.* 375. 7 *Comyn's Dig. tit. Trespass, D.* 2 *Conn. Rep.* 700. 3 *id.* 537. Until set aside, the process is a jus-

tification in trespasss; if the justice refused to set it aside, this court would compel him to do so.

The judgment was not extinguished by the attempt to set it off in the suit of *McGuinty* v. *Herrick.* It was not a legal subject of set off on the day of the trial of that cause, Mc-Guinty being then in prison, and for that cause the jury probably disallowed it; to warrant a set off there must be a subsisting demand due *in præsenti.* (3 *Johns. Cas.* 145. 7 *Johns. R.* 22. 19 *id.* 322. 6 *Cowen,* 261.) McGuinty, by obtaining his discharge on the day after the trial, admitted that it was not a subject of set off.

*By the Court,* SAVAGE, Ch. J. In the court of common pleas after the testimony was closed, the defendant submitted two points to the court : 1st. That trespass was not the proper action, but case ; 2d. That the Monty judgment was not a legal subject of set off; that an unsuccessful attempt to set it off was no extinguishment of it; and that the second execution was a justification of the acts complained of, and for which this suit was brought.

The first point seems to me to depend upon the second, for though a regular process from a court having jurisdiction of the subject matter will afford a protection to the ministerial officers of the court, yet the party who would wantonly take out an execution upon a judgment which had been paid, and sell the property of the defendant, would be a trespasser. A person acting under regular process of a court having competent jurisdiction is not a trespasser ; and if he abuses that process, case lies and not trespass : but an execution issued upon a paid judgment is not regular process. Nor has a justice jurisdiction of the process in such a case ; and were he to issue such an execution without the express direction of the party, he would himself be a trespasser. *Percival* v. *Jones,* 2 *Johns. Cas.* 49. *Taylor* v. *Trask,* 7 *Cowen,* 249. The important question, therefore, is whether the judgment of *Monty* v. *McGuinty* was extinguished by the attempt to set it off in the suit of *McGuinty* v. *Herrick?*

As long as McGuinty, the defendant in the execution, remained a true and faithful prisoner, so long the debt on which he was imprisoned was satisfied, and no further proceeding

could be had against him. If he escaped, and remained out of prison, there was no longer a satisfaction ; then the plaintiff in the execution was at liberty to prosecute the sheriff, or take further execution against the defendant's property or person, without waiting for him to be discharged on making his affidavit. If the escape was a voluntary escape, he could not again become a prisoner at the plaintiff's suit without some act done by the plaintiff, recognizing him as such, even though he actually returned to prison. It seems to me, therefore, that after a voluntary escape, or a negligent escape, without recaption or voluntary return, the plaintiff must be remitted to his former rights, as to the mode of proceeding against the defendant. There can be no doubt that before execution issued, a judgment may be set off in a suit brought by the defendant against the plaintiff upon contract, and where any legal set off would be a proper defence. And as no objection was made in the court below against the set off for not being between the proper parties, I can see no reason why the judgment was not a proper subject of set off, on the supposition that an escape, such as I have stated, had actually taken place.

There are cases shewing that where a subject has been once properly before a jury and passed upon by them, that is an end of it. In *Brockway* v. *Kinney*, 2 *Johns. R.* 210, on certiorari, the plaintiff in the court below declared for work and labor ; the defendant pleaded, that the plaintiff had before sued him for the same matter and recovered. On trial, the fact appeared to be, that in the former suit the plaintiff had declared on a note and for the same work and labor, and that the jury found a verdict on the note, but not for the work and labor ; and in the second suit, the plaintiff recovered for the labor. This court said that the charge went to the jury on the first trial and took its chance ; the verdict must be considered conclusive between the same parties in regard to the same matter. The plaintiff on the first trial might have withdrawn the charge, but not having done so, it was the duty of the jury to pass upon it ; and the judgment was reversed. The case of *Curtis* v. *Groat*, 6 *Johns. R.* 168, also came up on certiorari. An action of trespass was

brought by Groat against Curtis for cutting his wood and making it into coal. The defendant put in a claim for the value of the coal which was still on the plaintiff's land; the plaintiff recovered after the claims for the trespass and for the coal were fully submitted to the jury. Curtis afterwards sued for the coal, and the defendant prevailed. This court affirmed the judgment, saying it is sufficient in this case that the demand for the coal had been once submitted to a jury when the plaintiff was sued for cutting the timber, and that the jury passed upon this claim. In *Bull* v. *Hopkins*, 7 *Johns. R.* 22, a set off had been presented and rejected by a jury, and the party presenting it was allowed to recover it in a second suit, it appearing by the justice's return that the set off so rejected was a demand not then due, and therefore could not legally have been set off at the first trial. The same point was decided in the same way in *Wolfe* v. *Washburn*, 6 *Cowen*, 262. There, rent not yet due was set off by the jury; and Woodworth, justice, in giving the opinion of the court says, an allowance to a party by way of set off, is always founded on an existing demand *in præsenti*, and not one that may be claimed *in futuro*. There is no discrepancy in these decisions; and the result is, that if a party to a suit, either plaintiff or defendant, presents a demand which is legal, and proper to be allowed if supported by sufficient testimony, and the jury pass upon it, and disallow it, such demand cannot be recovered in another suit. The error of the jury may be ground for granting a new trial when brought up on a case, or for reserving the judgment when brought up on certiorari, but not liable to be reviewed collaterally. The verdict is conclusive, unless it appears that the claim rejected by them could not legally have been allowed.

It does not appear that the claim attempted to be set off in this instance could not have been legally set off. It does appear that the parties produced proof; the question was submitted to the jury, and they passed upon it. If McGuinty had remained in prison, as he must have sworn the day after the trial, then the right to set off the judgment did not exist at the time when the set off was offered. To take the case out of the operation of the rule, the fact should appear af-

UTICA,
July, 1830.

Jackson
v.
Harper.

firmatively that the jury could not legally have allowed the defence. This does not appear. It seems to me, therefore, the judgment must be considered satisfied. No action could have been sustained upon it. If this be so, then it was irregular to take out an execution upon a judgment which was legally satisfied; and the party who directed the issuing and enforcement of it, was a trespasser.

It is said that the judgment was a protection till set aside. I know of no power in a justice of the peace to set aside or vacate his own judgments; that is a power which belongs to courts of record only. The judgment on which the irregular execution issued was regular for aught that appears; but in contemplation of the law it had been satisfied, and of course could not justify the issuing an execution; there is therefore, nothing to support the execution. The process being regular upon its face, and issued from a court having jurisdiction of the subject matter, the officer who executed it would be protected, and probably the justice who issued it by direction of the party, not knowing that the judgment had lost its vitality; but the party who acted knowingly must be considered a trespasser.

I am of opinion, therefore, that the judgment below be reversed, and a venire *de novo* be issued by Clinton common pleas.