## BEEBE *vs.* BULL.

A verdict of a jury, or a report of referees upon a demand exhibited by a defendant as a set-off, and rejected by the jury or the referees, is conclusive upon the defendant, where the demand was the subject of set-off in such suit ; but *if it appear that the claim rejected could not legally have been allowed, although fully proved,* the former trial is no bar to an action brought for the recovery of such demand.

An exception to the whole of the testimony of a witness, when part thereof is unexceptionable, is unavailing for the generality of the exception.

It seems, that a judgment will not be reversed for the admission of the improper evidence, if such evidence be unimportant, although the question arises upon bill of exceptions.

. ERROR from the Tompkins common pleas Bull commenced a suit in the Tompkins common pleas in the year 1830, and exhibited his declaration against Beebe in *assumpsit* for work, labor and services, &c. Beebe pleaded the general issue, and secondly, a special plea, that in this court, in the

term of May, 1829, he commenced an action of *assumpsit* against Bull, which subsequently was referred to referees; on the hearing before whom, Bull *set off* against the demands of Beebe *the identical causes of action* now set forth in his declaration in the common pleas, and submitted the same to be passed upon by the referees, who made a report in favor of Beebe of $128,31, and this, &c. wherefore, &c. Bull *replied*, denying that the causes of action set forth in his declaration were passed upon and determined by the referees. On the trial in the common pleas, the plaintiff proved that he transported for the defendant a quantity of merchandize from N. York to Ithica, which was receipted in N. York 27th September, 1826, and showed the value of such transportation. H. S. Walbridge, the attorney for the defendant in the suit of Beebe against Bull, testified that the bill of particulars furnished by him in that suit was prepared by him in the absence of Bull, and without consultation with him; that the prices annexed to the items charged were taken from Beebe's books; and that Bull, on hearing what had been done, was dissatisfied, and said that the prices were too low. The evidence was objected to, but admitted by the court. The defendant produced the record of judgment in the suit specified in his special plea, containing a special report of the *referees*, in which they state that it was proved to them that the plaintiff in that suit, (Alvah Beebe,) previous to the 10th August 1826, was in partnership with one Jedediah Beebe; that on the day last mentioned, the partnership was dissolved, and all its concerns transferred to Alvah Beebe; that at the time of the dissolution, Bull was indebted to the firm; and that afterwards, he transported a quantity of goods from New-York to Ithica for *Alvah Beebe*, to pay the *partnership account*. That they rejected Bull's claim for the transportation of the goods, and left it to be applied as payment upon the partnership account. The defendant also proved by *parol*, that on the hearing before the referees, Bull exhibited the same demands by way of set-off for which he now claimed a recovery; and the defendant insisted that the plaintiff, in consequence thereof, was barred from a recovery. The court decided that the plaintiff

was not barred, but entitled to recover ; and the jury, under the direction of this court, found a verdict for the plaintiff, on which judgment was entered. The defendant sued out a writ of error, having tendered and obtained a bill of exceptions to be signed by the common pleas.

*J. A. Spencer*, for the plaintiff in error. .

*M. T. Reynolds*, for the defendant in error.

*By the Court*, SUTHERLAND, J. The demand of the plaintiff in this suit was properly rejected as a set-off by the *referees ;* it could not legally have been allowed. The defect was not in the proof, but in the nature of the demand. The goods were transported by Bull, upon an agreement with Alvah Beebe, *to pay the partnership account of Jedediah and Alvah Beebe.* This was his express agreement. There was an express appropriation by the parties of these services *to the partnership* account. Bull could not have recovered the amount from Beebe, unless he had refused to credit it to him as the partnership demand, and of course he could not set it off against an individual account of Alvah Beebe. The rule upon this subject is correctly stated by the chief justice *M'Guinty* v. *Herrick*, 5 Wendell, 245, as follows : If a party to a suit, either plaintiff or defendant, present a demand which is legal and proper to be allowed if supported by sufficient testimony, and the jury pass upon it and disallow it, such demand cannot be recovered in another suit. 2 Johns. R. 210. 6 id. 168. 2 id. 229. 16 id. 136. 15 id 229, 432. The error of the jury may be ground for granting a new trial when brought up on a case, or for reversing the judgment when brought up on *certiorari ;* but it cannot be received collaterally. The verdict is conclusive, *unless it appears that the claim rejected by them could not legally have been allowed.* The cases of *Bull* v. *Hopkins*, 7 Johns. R. 22, and *Wolf* v. *Washburn*, 6 Cowen, 262, fully support the opinion that the party is not precluded, where the demand rejected by the jury could not legally have been allowed. Such was clearly the case here, upon the evidence before the referees, and the former trial is no bar to this action.

The referees undoubtedly stood in the place of a jury, and ALBANY, their decision in relation to this matter would produce the same legal consquences.  12 Johns. R. 219.

The exception to Walbridge's testimony was too broad.  A part of it was clearly competent, but the objection went to the whole, and was therefore properly overruled.  The objectionable part of the evidence was also very unimportant.

The plaintiff was not concluded, by the decision of the referees that his demand could be recovered from the partnership *only*, from subsequently bringing an action against Alvah Beebe.  If it was, in truth, a demand against the firm, as Beebe proved to the satisfaction of the referees on the former trial, he should have set up that defence in this action.  The decision of the referees was not evidence for him on that point.