ORANGE,
*March*,
1842.

———

Peach
*v.*
Mills.

</div>

JAMES PEACH *v.* ARCHIBALD MILLS.

Where a payment has been made upon a promissory note, the party making it cannot maintain an action on book to recover therefor.

If a note is sued, and the defendant claim that he has paid certain sums on the note, and this is found against him by the verdict of a jury, he cannot maintain an action on book to recover for such payments.

Where property is taken forcibly from the possession of the owner, he cannot waive the tort and recover therefor in an action of book account.

THIS was an action of book account brought before a justice of the peace. At the last term of this court, judgment to account was rendered, and an auditor appointed, who, at the present term, reported that the parties appeared before him and the plaintiff presented an account against the defendant consisting of the following items :—

' Item 1. 1836, March. To part of day, looking out
      mill privilege and examining land,       $  .75
' 2.   1838.   Balance by exchange of bills,     .50
' 3.   1839.   Cash sent you by my boy which
      you agreed to apply on note, and did not,   13.50
' 4.          3 years interest on the above,     2.64
' 5.          Cellar stairs, taken in 1836, bought
      by me as part of house,        ' 1.50

                                $ 18.89

The defendant presented his account, consisting of the following items :—

| '1. | 3 days work on barn at 9s. per day, | $ 4.50 |
| '2. | 1 do. do. on house, | 1.50 |
| '3. | 1 day looking out a mill privilege on your land, | 3.00 |
| '4. | 90 lights glass in June, 1836, at 4 cts. each, | 3.60 |
| '5. | 90 do. sash, " " at 4 cts. each, | 3.60 |
| '6. | 6 window frames, . | 3.00 |
| '7. | 2 panel doors and frames, | 6.00 |
| '8. | 2 windows to put over the doors, | 1.00 |
| '9. | Cash in November, 1838, | 9.00 |

$ 35.20'

The items in the above accounts were never charged by either party in the course of their business, but were charged at the time of the trial before the justice, upon slips of paper, after disputes and controversies had arisen between the parties.

The auditor disallowed the first item in the plaintiff's account. In relation to the second item, the auditor found that in July, 1838, the plaintiff sent a two dollar bill, by his son, to the defendant, in payment of one dollar and fifty cents, and sent word that the defendant might pay him the balance, fifty cents, at some future time, but the defendant had never paid it.

In relation to the third item in the plaintiff's account, the auditor found that the plaintiff executed a note for $12.90, dated February 16, 1838, payable in one year from date, to Jacob Mills or bearer, which note was also signed by one John Peach as surety; that, before the note became due, the payee transferred the note to the defendant, of which plaintiff had notice; that the defendant sued the plaintiff on the note, and, on the trial, before the jury, (Nov. 10, 1840,) the plaintiff, who was defendant in that suit, insisted, and introduced testimony to prove, that the money charged in items No. 2 and 3, was paid upon said note, but the jury found a verdict for the plaintiff in that suit to recover the whole amount of the note, and judgment was rendered upon the verdict and an execution issued thereon and was paid by the present plaintiff, and that the $13.50 charged by the plaintiff was in fact sent to the defendant by the plaintiff to pay said note; that at the time of receiving the money, it being bank notes, the defendant said he would inquire if the notes were good, and if they were, he would indorse the amount upon

the note ; that a few days afterwards the defendant saw the plaintiff and told him the money was good, and he might call and get the note ; that the plaintiff called repeatedly for the note, but, the defendant being absent, did not get it.

Two of the jurors in that suit were witnesses before the auditor, though objected to by the plaintiff, and the auditor found, from their testimony, that said jurors, from the testimony introduced on the trial of that suit, at the time of the trial, believed that said sum of $13.50 was not paid by the plaintiff as above stated. The auditor allowed the items numbered two and three, subject to the opinion of the court upon the facts above stated. Item No. 4 he also allowed as an incident to item No. 3. Touching item No. 5 in the plaintiff's account, and items no. 4, 5, 6, 7 and 8, in defendant's account, the auditor found that in November, 1835, the plaintiff purchased of the defendant the inside joiner work of a dwelling house, i. e. all except the roof and frame, and paid the defendant therefor ; that in removing the parts of said house, the cellar stairs fell into the cellar ; that they were the plaintiff's property and were left by him in the cellar ; that the defendant contended that he had not sold them, and he carried them away without the knowledge of the plaintiff, and converted them to his own use ; that, subsequently, when the plaintiff claimed them, the defendant told him he might take them away. If, from these facts, the court should be of the opinion that the plaintiff was entitled to recover for the stairs, then the auditor allowed the item therefor as charged by the plaintiff.

The auditor found that said items No. 4, 5, 6, 7 and 8, in the defendant's account, were for parts of the house included in the sale to the plaintiff by the defendant, above mentioned, and therefore disallowed them. Touching the three first items in the defendant's account, being for five days work, the auditor found that the defendant worked only two days instead of five, and, for the two days work, he had received his pay, and had no right to charge therefor. The auditor also disallowed the ninth item in the defendant's account, for want of sufficient proof to sustain the charge.

*A. Underwood,* for plaintiff.

1. Was the delivery of the $13.50, mentioned in the report, a *payment ?* and if not,

2. Is the plaintiff estopped by the verdict and judgment in *Mills* v. *Peach* from recovering the $13.50, and the 50 cents in plaintiff's account?

As to the first question, the plaintiff insists it was not *a payment*. *Payment* is a technical term, and means a delivery of *money* in extinguishment of a pre-existing debt. It requires the assent of the parties, the meeting of the minds, as much as the *creating* of the debt; hence, to constitute *payment*, the money must be *delivered* and *received* in discharge of the debt. And when payment is pleaded, evidence short of this will not support the issue for the defendant. In the case of *Strong* v. *McConnell*, 10 Vt. R. 231, and *Chellis* v. *Woods*, 11 Vt. R. 466, this principle was recognized. *Rowe* v. *Smith*, 16 Mass. R. 306. In the present case, like those, something was left to be done by the parties after the delivery of the money. The defendant doubted the genuineness of it, and reserved the right to make inquiry about it. He did not *receive* it in *payment ; it was left for future adjustment*. The facts that the defendant afterwards told the plaintiff to call and take his note, that he found the money good, &c., did not alter the nature of the original delivery.

2. Estoppels are not to be favored. They tend to exclude truth, and are, therefore, *odious*. They are *stricti juris*. A man shall be estopped by verdict respecting a thing *directly* put *in issue*, and *not otherwise*. If any thing be not directly and precisely alleged, it shall not be an estoppel, for an estoppel *must be certain to every intent*. Co. Litt. 252–6. 1 Show. 28. 2 Lord Raymond, 1036, 1050. Rol. Abr., title Estoppel, 9, 10. 1 Bull. N. P. 244. 2 Stark. 200. 1 Story's Pleadings, title Estoppel, 46. *Outram v. Morewood*, 3 East, 346. *Heming* v. *Wilton*, 24 E. C. L. R. 208. *Godson* v. *Smith*, 4 do. 410. 2 Levins, 381, 418. 4 Mass. R. 181. *Towns* v. *Nims*, 5 N. H. R. 251.

To constitute an estoppel by a former judgment, the *precise point* which is to create the estoppel should be put in issue and decided, and this should appear from the record. *Smith* v. *Sherwood*, 4 Conn. R. 276. 2 Stark. 200.

The judgment, sentence, or decree, *must be direct upon* the *precise point,* and is *not evidence* of any matter which came *collaterally* in question, nor of any matter *incidentally* cognizable, nor of any matter *to be inferred by argument*

from the judgment, as having constituted one of the grounds of that judgment. 11 St. Tr. 261. Harg. Law Tracts, 456. Pothier, by Evens, 357. 2 Stark. 202.

A verdict, to be conclusive, must be for the *same cause,* and the cause of action is the same only when the *same evidence* will support it. 2 Stark. Ev. 198.

In the case of *Mills* v. *Peach* the *point in issue was payment, or no payment.* This was the only question litigated, and that *verdict* is only evidence *that that note was not paid.* It is no evidence that Peach *did not deliver money* to Mills. The jury might find that no money was delivered. They may have found that it *was delivered,* but to pay *some other debts,* or that it was delivered *generally.* These are only *incidental* questions. They are *collateral* to the issue. They are to be only *inferred, by argument,* as grounds of the verdict. The issue was whether the $13.50 was delivered *in payment.* *One* of the jury may have considered that no money was delivered, as the ground of *his verdict ; another* might doubt of *the delivery,* but conclude, if delivered at all, it was delivered *generally ;* another, that the money *was delivered,* but to pay some other debt. Every juryman might have a *different ground,* but all agree that the note was not paid.

Would the same evidence support that defence and this case ? If so, possibly the plaintiff is estopped. But such is not the fact. The issues are entirely different, and the evidence must be different. In the former, Peach must have shown the delivery of the money *in* payment, and it must have been *so received* to make out a defence. In this he is only to show a delivery of the money *generally,* and the law implies a promise to pay.

The auditor should have excluded the evidence offered to prove the money not delivered. This was a negative, not capable of proof. The jury could not have found it *not* delivered. They could only say they did *not* find it *was delivered.* But if the jury found it was not delivered in *payment,* it was a matter wholly immaterial whether it was actually delivered or not, and so they might have left that fact.

The plaintiff insists that the defendant can only be permitted to show *what issue was decided,* and not the *grounds* of the decision. It would be a novel principle in the doc-

trine of estoppels to say that a party shall go into all the collateral and incidental conclusions at which a jury arrive, in coming to a verdict, to estop his adversary on each of the facts so found, and that while they are not *directly* in *issue*. Such was the finding offered to be proved and admitted.

Justice and equity require a decision in favor of the plaintiff, if the law were doubtful. But the cases of *Fairman* v. *Bacon*, 3 Conn. R., and *Towns* v. *Nims*, before cited, are decisive of the law. While the defendant would defeat justice by a *technical objection*, by an odious estoppel, the plaintiff surely should not be deprived the benefit of technical objections in its support.

As to the fifty cents, this is clear of the question of payment or no payment, by the finding of the auditor. The jury did not find that not delivered ; therefore, the estoppel, if one, does not apply to this.

As to the cellar stairs, the case finds them to be the plaintiff's property, and that the defendant converted them to his own use. A party may always waive a trespass for taking and converting personal property, and bring trover ; or treat it as a sale, and bring assumpsit. There can, therefore, be no objection to a recovery of this item, in this action. *Hill* v. *Davis*, 3 N. H. R. 384. Bull. N. P. 130. Chitty on Contracts, 18, 19.

*L. B. Vilas* and *S. Austin*, for defendant, contended,

1. That the plaintiff's claim for *money paid upon a note* cannot be the ground of an action, and,

2. That the question, whether the money was paid or not, was passed upon by the jury, in the suit upon the note, and was, therefore, *res adjudicata*. 1 Stark. Ev. 223, note. 16 Johns. R. 136.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The plaintiff cannot maintain this action. The first claim of the plaintiff, for the sum of thirteen dollars and fifty cents paid on a note, is wholly groundless in any view. The authority of the case of *Slasson* v. *Davis*, 1 Aikens, 73, is decisive against the plaintiff that he never could have had any action on book therefor. Moreover, when the note on which the payment was made was

sued, the plaintiff appeared, claimed this payment, and had a trial and judgment thereon. Whether, therefore, this sum is to be treated, as the plaintiff now claims it, as a payment on the note, which he says has never been applied, or as a subject already adjudicated, no action can now be maintained to recover it.

The same remark will also apply to the charge for the fifty cents; and, although on the facts, as *now* found by the auditor, it would appear that this might have been once recovered of the defendant, yet, when we find the plaintiff contending, on the trial of the action of Mills against him, on the note, that this sum was *paid on that note*, and endeavoring to sustain the claim until a verdict was found against him, he cannot now be permitted to maintain an action therefor and sustain it by his own oath, and wholly change the ground on which he has once claimed it, and which has been decided against him by the verdict of a jury and a judgment of court thereon. This claim, together with the other, must be considered as *res adjudicata*, and cannot be again litigated in this, or any other action. The opinion of the jurors, or their statements of their views, or the ground on which they found their verdict, is of no importance. It is sufficient that the plaintiff claimed this sum, urged it on the consideration of the jury and took his chance for a verdict, and they have passed thereon. The plaintiff cannot, by shifting his claim, take another chance to substantiate it before another tribunal. The case of *Brockway* v. *Kinney*, 2 Johns. 210, as well as the case of *McGuinty* v. *Herrick*, 5 Wendell, 240, are strong, if not conclusive authorites against the plaintiff as to both of these claims.

The claim for the cellar stairs is wholly unfounded, as there was no contract, express or implied, which would justify the plaintiff to charge them on book. If the plaintiff has any cause of action therefor, it must be an action of trespass *vi et armis*, and, for property forcibly taken out of the possession, and against the will of the owner, I have never learned that he could charge the same in account and maintain an action of book therefor.

Judgment on the report must be entered for the defendant.