By the Court, Cowen, J.
It was decided in Luther v. Deyo, (19 Wend. 629,) where the effect of this insolvent discharge came in question, that it operated not only upon debts due from Deyo and judgments on contract, but upon judgments obtained against him for wrongs; and, among others, the very judgment under which the defendants seek to justify. Deyo was accordingly discharged from custody on motion.
Deyo then brought the present suit against the attorney and Luther’s assignee for whose benefit the attorney issued the ca. sa. They plead severally a justification under it, and the plaintiff replies the discharge. To this replication the defendants demur; insisting that, inasmuch as the execution has never been set aside for irregularity, though the plaintiff was privileged by the discharge from arrest, neither the attorney nor party is liable to an action for false imprisonment.
The discharge was mider what is called the two-third act; and its effect was more than the creation of a mere personal privilege, the violation of which I admit will not form the ground for an action of false imprisonment. The allegation of privilege supposes the debt itself to exist. Here it was discharged. It had ceased to exist, and in legal contemplation was extinguished as effectually as if it had been paid or released by the party under hand and seal.. For issuing an execution and causing it to be executed, on a satisfied judgment, an action of trespass will lie, though the fact be not entered of record, and though the execution have not been set aside for irregularity. The case is the same as if an execution had been issued without any judgment having ever been recovered. Although the execution, being “regular on its face, will protect the sheriff, the party and attorney are bound to know at their peril whether there was a judgment to warrant it. (McGuinty v. Herrick, 5 Wend. 240; Lewis v. Palmer, 6 id. 367, 369.) The replication avers that before the imprisonment complained of, the defendants had no *245 tice of the discharge. This takes away color of excuse, but can scarcely be material to the legal question. The statute declares the debtor to be discharged from his debt, and I think imposes upon the party and his attorney the duty of noticing the fact at their peril. Want of notice may indeed depress the damages to a mere nominal sum; but is never allowed absolutely to excuse a trespass. (Tarlton v. Fisher, 2 Doug. 671, 674, per Lord Mansfield, C. J.) On the right of smmnary imprisonment, after discharge, this court has been very strict. It will not receive affidavits in answer to a motion for the release of the debtor, to show that the discharge was void for causes mentioned in the statute; but put the party to his action on the judgment. (Russell v. Packard, 9 Wend. 431, and the cases there cited.)
It is supposed, however, by the counsel for the defendants, that in an action for false imprisonment the rule is different; and that if the discharge be shown to have been obtained fraudulently, and be void for that reason or any other mentioned by the statute, this may be shown in defence. Perhaps it may. But the question cannot be raised upon this demurrer, which admits the discharge to be valid. To avail themselves of that ground, the defendants should have put in a rejoinder showing the fact of fraud. The refusal of affidavits may perhaps very well be referred to a rule of practice which distrusts the force of such proof, and turns the party over to a more satisfactory mode of examining the question. But though this may be a reason for allowing rejoinders, with a View to raise the question, We cannot finally dispose of it here. The case of Tarlton v. Fisher, (2 Doug. 671,) differed from the present in three particulars. First, the action was trespass against the sheriff; secondly, the privilege was personal, the debt itself not being questioned ; and thirdly, the validity of the privilege claimed was denied by the rejoinder, on the ground that the act of parliament had not been pursued. On this an' issue was taken and tried. It was found for the plaintiff, but the judgment was arrested.
In Reynolds v. Cory, (3 Caines, 267,) there is much said to show, and perhaps the decision itself goes the length of saying, *246 that if the discharge in the present case had been of the person only, and not of the debt, the action would not lie. But neither the case nor any arguments used, nor authorities cited, go the length contended for here. The cases forbidding the suing out of a ca. sa. after a year and a day without scire facias, proceed upon a rule of practice. The debt is but presumptively paid; and various answers may be interposed to a motion that the ex-cution be set aside. The sheriff is liable if he suffer the prisoner to escape, (Shirley v. Wright, 1 Salk. 273,) which cannot be when the debt itself is gone. In short, I do not see how it is possible to distinguish the present case from the principle of McGuinty v. Herrick. The extinguishment of the judgment set up in that case was merely technical and by operation of law. It had been passed upon under a notice of set off; not actually paid. It was satisfied in about the same sense as the judgment was satisfied here. The bar might have been more fatal, because not impeachable for fraud; but that raises no difference in principle. Lewis v. Palmer went on actual payment; but the manner of discharge can make no difference. The only enquiry is whether the debt be gone. It is true, the executions drawn in question by those cases were issued by a justice’s court; and in the first, the argument being urged that, before false imprisonment would lie, the execution must be set aside for irregularity, it was answered that a justice had no power to malee a rule. But this is not the only answer. The judgment being paid or otherwise discharged, the authority to issue an execution is gone. It is worth nothing except as a protection to the officer. Even a bona fide purchaser cannot make title under it. (Wood v. Colvin, 2 Hill, 566.) True, in the leading case of Barker v. Braham, (3 Wils. 368,) the ca. sa. had been set aside for irregularity ; and it may be admitted that where the action is founded on a mere irregularity, this is necessary. (Vide Chapman v. Dyett, 11 Wend. 31.) But where the vice does not lie in a technical irregularity which may be waived by the debtor, there is no need of a motion. In cases of irregularity depending on rules of practice which the court may control, they will many times require the party grieved to release his right of ac *247 tion before they grant a rule.(a) But where the judgment has ceased to exist, or from any cause all authority to issue execution is absolutely gone, though the party may apply and obtain a rule of discharge from arrest, the court cannot impose terms. (See Ex parte Hill, 3 Carr. tip Payne, 225 ; 3 Hill, 663, note.) He may escape and go at large if he can, or move the court, or obtain his habeas corpus ; and in either case, being entitled to an absolute discharge, detention till he come to terms would be duress 'of imprisonment. An action will lie immediately. In Bates v. Pilling, (6 Barn, tip Cress. 38,) trespass was held to lie against the attorney for entering up judgment and causing a Ji. fa. to be issued and levied after the debt had been paid. (9 Dowl. & Ryl. 44, 46, S. C.) The judgment was taken by default, and by the report in Dowl. tip Ryl. it will be seen Chitty made the point that the rendering of the judgment was the act of the court, for which neither the attorney nor party could be made liable in trespass. Bayley, J., interrupting him, said that signing judgment was the act of the attorney. There had been no motion to set aside the judgment or execution; yet the court held that the doctrine of Barker v. Braham applied. The case must have gone on the ground that authority to proceed was taken away by payment. The whole injury arose from 1 the accident of the client’s letter, informing the attorney of the payment, -not arriving in season to arrest the proceeding. Yet both client and attorney were held liable. Where the action sounds in irregularity, the process is a protection to all till set aside, when the action is let in by relation. (Chapman v. Dyett, before cited.) But this has nothing to do with the case where there never was any authority known to the law. A sheriff allows a prisoner on a ca. sa. to go at large, and after-wards retakes him; false imprisonment lies for the act, as was conceded in Atkinson v. Matteson, (2 T. R. 172,) although *248 held otherwise as to mesne process. Gross, J. said, the difference arose from the voluntary escape of a prisoner in execution being considered a payment of the debt. Here we have another case of payment by operation of law being considered equivalent to actual payment. There is as much both of law and conscience in allowing an insolvent discharge under the two-third act to have the same effect, as what perhaps arose from the mere kindness of the sheriff. There is indeed very little of conscience in either. Summum jus summa injuria, however, in questions between private persons, must be left to the working of the moral code, which it-may be admitted is very little improved among defaulting debtors by the almost absolute security which the law affords against their being put to inconvenience, by suits, even where, as in. the case before us, they make the debt by taking their- neighbor’s property tortiously. Courts of justice have frequent occasion-to regret the fastidiousness which regards the honest missteps of the creditor, in his endeavors to save himself from injury by our insolvent and bankrupt laws, as a crime. The same law, however, which repudiates the debt, forbids as a means of its own execution all remedies for collection, and denounces against a resort to them the same penalties as if the discharge of the debtor had been effected honestly. ■" There must be judgment for the plaintiff, with leave to with-draw the demurrer, and rejoin on payment of costs.
Ordered accordingly.

 See Rob and Nielson v. Moffat, (3 John. Rep. 257;) Chandler v. Brecknell, (4 Cowen, 49 ;) Rogers & Gracie v. Chapman, (7 id. 475;) Lorimer v. Lule, (1 Chitty's Rep. 134, and note (a).)