Bronson, J.
As the judgment on which the plaintiff sued was recovered prior to 1830, the present statute of limitations has nothing to do with the case. (Fairbanks v. Wood, 17 Wend. 329.) This is not the first time that the marginal note to that case has led to error. (Johnson v. Burrill, 2 Hill, 238.) As twenty years had not run upon the judgment, the action was in time.
The second judgment was of no higher nature than the first, and there was consequently no extinguishment. (Preston v. Perton, Cro. Eliz. 817; Andrews v. Smith, 9 Wend. 53, and the cases there cited.) There must be a venire de novo.(a)
Cowen, J.
If the cases cited by my brother Bronson do not conflict with Schroeppel v. Jewell, (1 Cowen, 208,) and McGuinty v. Herrick, (5 Wend. 240,) there is no difficulty in saying that a judgment recovered on a judgment shall not work an extinguishment. It would be otherwise, I have no doubt, on a defence being set up against the first judgment, followed by a verdict for the defendant; and I think the rule *410 of non-extinguishment must be confined to á full recovery of the whole- judgment (See Mumford v. Stocker, 1 Cowen, 178.) If any part of it be found paid or compensated by a set off, or if it be reduced for any cause, a second action cannot be sustained upon it.. So if it be used by the party as a set-off, and either allowed or disallowed. It is on this last ground that I think the cases of Schroeppel v. Jewell and McGuinty v. Herrick, are distinguishable. These, especially the latter, go on the ground that the - judgment had been, introduced and passed upon as a set-off. In such case it was held to be extinguished as effectually as if it had been paid, whether the jury allowed it or not; and the party afterwards taking out execution upon it was held to be a trespasser.
Judgment reversed.

 That a former judgment which does not merge the demand on which it was rendered, is no bar to a subsequent suit on the same demand, see Cowen & Hill’s Notes to Phill. Ev. 958, and the cases there cited.