### HATCH *vs.* BENTON.

Where a defendant presents a demand as a set-off to the plaintiff's claim, which demand is legal, and proper to be allowed, if proved, and the court or jury pass upon it, and disallow it, such demand cannot be set off in another suit between the same parties.

The former verdict, or judgment, is conclusive, unless it is shown that the reject-

ed claim was of such a nature that it could not legally have been allowed, in the previous suit. If it appears affirmatively that the court, or jury, could not legally have allowed the claim as a set-off, the case will be taken out of the operation of the rule.

THIS case came before the court on an appeal from a judgment of the Cortland county court, reversing the judgment of a justice in favor of the appellant for $21,94 damages and costs. The declaration before the justice was upon a promissory note as follows:

"South Cortland, Jan'y 22, 1842.

For value received, I promise to pay Franklin Hatch or bearer thirty-five dollars and interest the first day of January next.          OZIAS C. BENTON."

On the back of the note were these endorsements: "Received on the within at date two dollars." "Rec'd February 21, 1843, on the within, twenty dollars." The defendant produced a receipt in the following words: "Cortland Village, February 12, 1843. Received of O. C. Benton twenty dollars to apply on his note.          FRANKLIN HATCH."

In July, 1843, Hatch sued Benton and Jonas Wood upon a note made by them as follows:

"South Cortland, Oct. 26, 1842.

Thirty days after date we promise to pay Franklin Hatch or bearer forty-nine dollars and interest, for value received.

O. C. BENTON.
J. WOOD."

There was endorsed a payment of $30 received December 29th. On the trial, the defendant produced and proved the receipt for $20. The justice gave judgment for the plaintiff for the balance due on the note, $20,34, which, by computation, excluded the receipt as payment or set-off on the joint note. James S. Leach appeared as attorney for the defendant on both occasions in the justice's court, and he testified on the last trial that Benton left the receipt with him to apply on the note Hatch had against him and Wood; that he presented the receipt to Hatch, and he claimed that it was to apply on a note

he held against Benton individually. Benton insisted he had paid Hatch $40, which more than satisfied the individual note, and that the balance was to apply on the company note; that this conversation about the receipt was at the time the suit of Hatch against Benton and Wood was adjourned. It did not appear affirmatively that any specific objection was made to the admissibility or proof of the receipt, on the trial. Upon the trial before the justice, between Hatch and Benton, the allowance of the receipt was objected to, upon the ground that it had been submitted in thef ormer suit; and the justice disallowed it for that reason, and gave the judgment before mentioned, which was reversed by the county court. The only question in the case was whether the justice erred in disallowing that receipt.

*H. Ballard,* for the appellant.

*Leal & Brown,* for the respondents.

*By the Court,* MOREHOUSE, J.   The record contains the proceedings before the justices of the peace respectively in both of the suits.   On the trial of the first cause, the plaintiff proved the execution of the note, and that the defendants were partners, and rested.   Then follows, "James S. Leach, a witness sworn on the part of the defendant, produced a receipt signed by Franklin Hatch, for twenty dollars, dated Feb'y 12, 1843; signature proved by the witness." *It does not appear whether it was objected to or not.*   It is evident that it was not allowed. The witness produced the receipt, and proved the signature, and it would be hyper-technical to assume that it was not offered as a set-off and read in evidence.   The justice certifies that he returns all the evidence, and that after hearing the proofs and *allegations* of the parties he rendered judgment.   This part of the return may be merely formal.   There may have been no pleading, affirmation, or assertion in the nature of summing up the cause.   If there was, the receipt in question must have been the subject of the allegations.   Upon the next trial, Mr. Leach is the only witness to establish the claims of the par-

ties.  He testifies that when the first suit was tried, four years before, he presented the receipt as a set-off in that suit, and that Hatch claimed that the receipt was to apply on a note he held against Benton individually.  I understand the witness to fix this conversation at the time of joining issue in the suit. Hatch, at that time, was not ignorant of his right to exclude the receipt.  Whether that conversation passed in the hearing of the justice or not does not appear.  It is not unworthy of notice, that Mr. Leach, the attorney of Benton, is silent as to whether the receipt, proved as stated in the return, was submitted to the justice as matter of set-off, and whether it was or was not objected to.  Perhaps it was incumbent upon the plaintiff, by a cross-examination of him, to show affirmatively that he objected to its introduction.  It would not be, to show on the second trial that it was not submitted, if the return does not show that fact, at least *prima facie.*  The receipt shows upon its face that it was a demand which could not be set off, as matter of right.  There were two defendants, and it was not due to them jointly.  Secondly, it created no demand against Hatch; it was a *payment* of twenty dollars, specifically appropriated by the parties as so much, upon Benton's note, and was not properly a set-off.  (10 *Wend.* 555.  14 *id.* 68.  9 *Cowen,* 420.)  The important inquiry in the case recurs, What is the rule of law in a cause thus circumstanced ?  In seeking an answer to that question I do not propose to reconcile the cases stating the rule and originating exceptions, or to harmonize the decisions referred to by counsel, and a multitude of others, apparently conflicting.  In *King* v. *Fuller,* (3 *Caines,* 152,) it was held, as a general proposition, that where a claim, whether it can be legally set off or not, is pleaded and not objected to, and the jury pass upon it, the consent of parties thus to be implied will take away the error, and it then becomes a bar to a subsequent suit.  *Brockway* v. *Kinney,* (2 *John.* 210,) was a case where the plaintiff declared on a note, and also for work and labor.  The jury found for the plaintiff to the amount of the note, and he sued again for the work and labor.  It appeared that he did not abandon the charge on the former trial, and that the charge went to the jury and took

its chance. The verdict was considered conclusive. The court say if the plaintiff did not choose to hazard a verdict he should have entered a nolle prosequi on the charge, or consented to a nonsuit. *Lawrence* v. *Houghton*, (5 *John.* 129,) establishes that a former suit in which the party ought to have set off his demand, if there be a recovery against him, is a bar, notwithstanding the set-off was offered and overruled. *Bull* v. *Hopkins*, (7 *John.* 22,) would seem to be an exception. Hopkins sued Bull, and declared for money paid and laid out for the use of the defendant. The defendant pleaded non-assumpsit, and that the same demand had been pleaded by way of set-off to a suit brought by Bull against Hopkins. It appeared that the set-off had been exhibited at the former trial, and was proved, and rejected by the jury because it was for a demand not then due. The court held that as it was for a demand which accrued subsequent to the former trial, it could not have been legally set off on the former trial, and that therefore that trial was no bar. It does not appear that any objection was made to proving the set-off. *Irwin* v. *Knox*, (10 *John.* 365,) decides that a demand exhibited to a jury in a former suit, and not abandoned by the plaintiff before or at the trial, but submitted to their consideration and disallowed for want of sufficient proof, is barred. It is a reiteration of the principle in *Brockway* v. *Kinney*, and rests upon the familiar maxim *nemo debet bis vexari*. In *Sherman* v. *Crosby*, (11 *John.* 70,) what was apparently the separate debt of one defendant was offered to be set off against the joint debt of both. The plaintiff objected, upon the ground of the insufficiency of the proof only, and on its being ruled against him submitted to a nonsuit. On a motion to set aside the nonsuit the court said it was too late to object that it was the separate debt of one defendant, because if the objection had been made at the time, the defendants might have shown that the payment by T. Crosby was in fact made by him and his co-defendant as partners, and out of the partnership funds. *Platner* v. *Best*, (11 *John.* 530,) establishes that an action cannot be maintained to recover an item omitted by mistake in giving judgment on the trial of another cause in which

it was admitted or proven.  *McLean* v. *Hugarin,* (13 *John.* 184,) was an action of trover to recover the value of a spinning wheel.  The defendant pleaded a former action for the same cause, in which the present plaintiff, being defendant, set off the present demand which was tried in that action.  The court say, "although the demand in this case sounds in *tort,* and might not in strictness have been admissible as a set-off on the former trial, yet if it were admitted without objection, and has been once tried, that judgment is conclusive."  In addition to the foregoing cases, the counsel cited *Curtis* v. *Groat,* (6 *John.* 168.) Groat had sued Curtis in trespass for damages for cutting timber and making it into coal; the coals still being upon his land. The value of the timber cut, and a counter demand for the coal, were fully submitted to the jury.  Curtis sued Groat for the coal, and the court held it was sufficient that the demand for the coal had been once submitted to a jury.  Upon the more legitimate question in the cause, they held that the plaintiff, being a wilful trespasser, acquired no title to the property merely by changing it from one species into another.  The possession had not been changed, and the action was not for taking and converting, and it may be added that the value of the coal might well have been given in evidence in mitigation of damages in the trespass suit.  *Wolfe* v. *Washburn and Hone,* (6 *Cowen,* 261,) is cited as an authority showing that to warrant a set-off there must be a subsisting debt due *in presenti,* and due from the plaintiff to the defendant ; and if otherwise, though it be claimed and allowed by the jury as a set-off, the claim being in fact due to but one defendant and not payable at the time, it is no bar to a subsequent action for the same demand, when it becomes payable, in favor of the defendant to whom it is really due.  This rule, as applied to that case, is professedly founded on principles of reason and law, and no cases are cited by Justice Woodworth.  In *McGuinty* v. *Herrick,* (5 *Wend.* 240,) Ch. J. Savage, delivering the opinion of the court, refers to several of the foregoing cases showing that where a subject has been properly before a jury and passed upon by them it is the end of it.  He states the result of the decisions

to be this, "that if a party to a suit, either plaintiff or defendant, presents a demand which is legal, and proper to be allowed if supported by sufficient testimony, and the jury pass upon it and disallow it, such demand cannot be recovered in another suit. The verdict is conclusive, unless it appears that the claim rejected by them could not legally have been allowed. To take the case out of the operation of the rule, the fact should appear, affirmatively, that the jury could not legally have allowed the defence." *Beebee* v. *Bull*, (12 *Wend.* 504,) affirms this as the true rule ; and *Bull* v. *Hopkins*, and *Wolf* v. *Washburn*, *supra*, are cited as fully supporting the opinion that the party is not precluded when the demand rejected by the jury could not legally have been allowed. In *Wilder* v. *Case*, (16 *Wend.* 583,) the rule laid down by Ch. J. Savage in 5 *Wend.* 240, is summarily disposed of by Justice Cowen, he remarking that no cases were cited by the chief justice, and the point was not involved in the case. I think the learned justice was mistaken in both positions, and he entirely omits mentioning even the case of *Beebe* v. *Bull*, where the rule of the chief justice is vindicated and approved ; nor does he refer to *Wolf* v. *Washburn* in his own reports.

The following propositions extracted from the opinion of Chancellor Walworth in *Miller* v. *Manie*, (6 *Hill*, 114,) were adopted by the court of errors. If the same question is submitted to a jury in a first action, and the evidence in the last, if it had been given in the first, would have been equally available as in the last, to entitle the party to recover under the state of pleadings in both, then the verdict and judgment is an absolute bar. But where from the number of the plaintiffs or defendants in the first suit the testimony relied on in the second is sufficient to authorize a recovery in such second action, but could not have produced a different result in the first, the failure of the plaintiffs in the one suit is no bar to their recovery in the other, although it is for the same cause of action for which they attempted to recover in the first suit. I have cited these cases mostly in their chronological order, not, I repeat, for the purpose of reconciling them, or of abstracting from them a rule ap-

plicable to the case under consideration in which they may be said to harmonize. If there is no case directly in point, we may go back to first principles, and, with such analogical aid as the cases may afford us, fix a rule. If the decisions of this court have been diverse, it is our duty to attain, if possible, uniformity.

In the present case, if the demands of the parties had been admitted, and submitted to the justice, to be disposed of according to law, in the first suit, he could not legally have allowed the offset. Suppose the plaintiff did not object to proving the receipt, and it was read in evidence. It proved that Benton had paid Hatch twenty dollars on another note. Was there any danger that an intelligent court would allow it as a set off on a note against Benton and another, if the plaintiff neglected to show the illegality of such a course? Could he, reposing in the legal intelligence of a court to exclude it, be silent, and then insist that for the reason that he did not himself state the law the claim was lost, though the court administered it justly without such dictation? In the absence of all affirmative proof I cannot infer that Hatch, on the first trial, consented, 1st, that the receipt should be regarded as one for money generally, without any specific appropriation; and 2d, as a receipt for money creating a demand against him in favor of the defendants jointly. I think Hatch is not in a situation to press into his service, in such a case, the much abused maxim that *silence shows consent.* It does appear that the justice rejected the claim, and that it could not legally have been allowed. I think the rule stated in *McGuinty* v. *Herrick* the true and sensible one. No one conversant with our reports, and especially of cases originating in justice's courts, can have failed to discover that estoppels had ceased to be offensive to the court. Truth has no place of gentle visitation on earth, where she might more confidently anticipate respect and affection than in a court of justice. The principle of an estoppel is generally to prevent circuity of action, to compel parties to fulfil contracts, to terminate litigation, and to prevent fraud. For any and all of these purposes it should be favored. Truth must, in such case, be sub-

jected to the humiliation of silence, and the court to the shame of allowing falsehood a temporary triumph. Though much of the odiousness with which the law originally regarded estoppels has faded away, from our familiarity with them as defences, it is no apology for their allowance unless clearly and plainly made out. That *is not done in this case.* No assent *to the* set-off is affirmatively shown. None was inferred by the justice from what passed before him ; for he disallowed it. If I was compelled at this time to draw an inference from the record, it would be that Hatch objected to the receipt as matter of legal set-off. I put the decision of this case, however, distinctly upon the rule which I have quoted as approved by me.

It was ingeniously suggested by the counsel, on the argument, that the receipt in question was identical with the endorsement of the like sum on the note as of the 21st of February being an inadvertent transposition of the figures 1, 2, making 12 or 21. If such a question had been raised before the justice it is not improbable that the counsel would have urged it with success. The thought did not occur to the party or counsel, and the experiment was untried. "It was objected to on the ground that it had been previously submitted in a former suit and was disallowed for that reason." There is no ground for saying, under the circumstances, that there was evidence that the receipt was endorsed on the note and that the justice so found, as a question of fact.

The judgment of the county court must be affirmed.