ADELIA BOVEE, APPELLANT, v. MELVIN N. KING, RESPONDENT.

*Sheriff — when protected in enforcing execution.*

This action was brought to recover certain wheat seized by the defendant, a deputy sheriff, by virtue of an execution issued to him in the name of the judgment creditor. Upon the trial the plaintiff offered to prove that the party at whose instance the execution was issued, who claimed to be the assignee of the judgment, was not the owner thereof, but that the judgment, in fact, belonged to the plaintiff. *Held*, that as the existence of the judgment and the issuing of an execution thereon were admitted, the defendant was protected in enforcing the same, and that he was not called upon to decide to whom the judgment belonged, or what were the relative rights of the parties claiming the same.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

A judgment for $2,408.35 was recovered by Lorenzo Sherwood and John H. Vought against Lorenzo J. Bovee, October 26, 1866, and duly docketed. An execution thereon was issued to the deputy sheriff of Genesee county, who levied upon certain wheat, for the recovery of which this action of replevin was brought.

*Thomas Corlett*, for the appellant.

*L. N. Bangs*, for the respondent.

TALCOTT, J. :

This appeal is from a judgment entered on the report of a referee in an action of replevin for a quantity of wheat. The defendant is a deputy of the sheriff of Genesee county, and, as such, justifies the taking of the property in question by him as such deputy sheriff, under a judgment and execution against Lorenzo J. Bovee, the husband of the plaintiff, recovered by Sherwood and Vought.

On the trial the judgment, transcript, execution, and the official character of the defendant were admitted, and that the defendant levied on the property by virtue of the execution, which was the taking and detention complained of. The property, though claimed in this action by the wife, is found by the referee to have belonged to the husband, the execution debtor, at the time of the levy. That the finding of fact is correct, is not seriously questioned by the defendant ; and, in fact, upon the evidence in the case, there can scarcely be a serious question as to the title. The wheat was raised by the judgment debtor on land rented by him, by his own labor and that of others employed by him, and was harvested in like manner. It does not appear that the plaintiff was in possession of the land, or had any thing to do with the matter, or ever herself pretended to have any title to or interest in the property. The only evidence that the plaintiff had any interest in the property is the statement of the judgment debtor, as a witness, that the land was, in reality, hired by him and the crop raised and harvested for the benefit of his wife. We think the referee was fully justified in the finding that the property seized by the deputy sheriff was, in fact, the property of Lorenzo J. Bovee, the judgment debtor, and, as such, liable to levy and sale on the execution against him. And this would seem to dispose of the matter, but the counsel for the plaintiff presents and earnestly argues certain questions, arising upon proof of certain assignments of the judgment in favor of Sherwood and Vought, which questions arose on the trial in the following manner : The defendant offered in evidence an assignment of the judgment mentioned in the answer from Vought, the surviving plaintiff, to one Ferdinand H. Hall, and an assignment from Hall to Howard. These assignments were objected to by the plaintiff as incompetent. It does not appear for what purpose they were offered, or upon what ground they were received ; but they were, in fact, received in evi-

dence by the referee. The assignments, when produced, and as set forth at length in the case, appear to be full and absolute, and unconditional assignments under seal; first from Vought to Hall, dated June 11, 1870; second from Hall to Howard, dated July 18, 1874. When the plaintiff resumed the case, her counsel offered to show that Hall (the assignee of Vought) had no authority to execute the assignment of the judgment to Howard. To this offer the defendant objected, on various grounds stated in the case, and the objection was sustained, and the plaintiff excepted to the ruling. The plaintiff then offered to prove that Hall paid no consideration for the assignment of the judgment by Vought, and this offer was rejected, and the plaintiff excepted to the ruling. The plaintiff then offered to show that the assignment from Vought to Hall, was to take effect conditionally, and that the condition had not been performed by Hall. This was objected to, and the objection was sustained and the plaintiff excepted. The plaintiff then produced certain papers, showing an assignment of the judgment by Vought, to —— August 5, 1872, an assignment from these assignees of Vought to one Firmerich, an assignment from Firmerich to Corlett, in November, 1875, and an assignment of the same judgment, from Corlett to the plaintiff in this action in November, 1875, and offered to read them in evidence. The defendant objected to the reception of these papers in evidence and the objection was sustained, and the plaintiff excepted to the ruling. This action was commenced as early as the 26th of July, 1874, and the papers purporting to be an assignment of the judgment from Firmerich to Corlett and from Corlett to the plaintiff, were dated after the commencement of this suit, which was one of the objections made to their reception in evidence. The plaintiff's counsel contends that he had a right to impeach the assignment from Vought to Hall, and to show by parol that it was only conditional, notwithstanding it purports to be absolute and unconditional on the face of it, and to show that Vought was really the owner of the judgment on the 5th of August, 1872, and to introduce in evidence the assignment to Firmerich upon the ground as we understand him, that the evidence would show that Firmerich and not Howard was the owner of the judgment in question when the levy was made.

Without considering in detail the various objections made to the

reception of the evidence offered, we think it sufficient to say that the evidence touching the assignments of the judgment appears to us to have been wholly immaterial on both sides. The execution which had been delivered to the defendant as deputy sheriff for execution, was in favor of the plaintiffs in the judgment. By it the sheriff was required to satisfy the amount directed to be levied, out of the personal property of the defendant Leonard J. Bovee. A valid judgment on which the execution was issued was admitted, as was also the official character of the defendant. The rule is perfectly well settled, that a valid judgment and execution is a perfect protection to the officers making a levy. *Savacool* v. *Boughton* (5 Wend., 170); *Parker* v. *Walrod* (16 id., 514) and numbers of other cases wherever the authority of the common law is established. The sheriff could not know anything in respect to the various assignments of the judgment, and the disputed rights and claims of the various parties under them. He has only to look at his process, which, if regular on its face, and proceeding from a court of competent jurisdiction, justifies him in seizing the property of the defendant. In certain cases, as where the property is claimed by an assignee or transferee of the judgment debtor, it is said that the sheriff must also show a valid judgment, in order to attach the title of the transferee as being a fraud on creditors.

It is immaterial to discuss that question here, as the recovery of the judgment was fully admitted. Even if the judgment has been paid or has been extinguished by a discharge in bankruptcy, the officer holding a valid execution is protected. (*Ruckman* v. *Cowell*, 1 N. Y., 508; *McGuinty* v. *Herrick*, 5 Wend., 240; *Lewis* v. *Palmer*, 6 id., 367.) It is even held that where the court from which the process is issued has proceeded without jurisdiction, if the process does not disclose the want of jurisdiction, and the case is one in which the court might have had jurisdiction, proof that the officer personally knew the facts which showed that the court was without jurisdiction is inadmissible. He has only to look to his process and in some cases to the judgment. (*People* v. *Warren*, 5 Hill., 440.)

The whole controversy concerning the ownership of the judgment under the assignments was a matter *aliunde* the record, and to which the officer was a stranger and in respect to which he could

not be called upon to determine the relative rights of the parties. If the suit had been against the plaintiff in the judgment or against the party who caused the execution to be issued, perhaps a different question might have arisen, but as against the deputy sheriff we do not see but his justification is complete.

The judgment should be affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.