ALBANY,
August, 1805.

King
v.
Fuller.

noticed, and neither one has moved; the application must therefore be denied. Had the cause been such, that both parties could not have noticed, then the present motion would have been right.

## Anonymous.

*On an intended motion to set aside a report of referees, a judge's order expires with the term.*

A similar application was made to vacate a judge's certificate to stay proceedings, upon a report of referees.

*Per curiam.* Take your motion. This case comes exactly within the exception in the last.

## Caleb King *against* Mathew Fuller.

*If a plaintiff in a justice's court, allege that he "let" the defendant have a horse, in consideration of which the defendant "let" him have another, it shews with sufficient certainty an exchange, and not a bailment. If a former trial be pleaded in a justice's court in bar, and state the trial so that it appear it could not, according to technical rules have embraced the bar, the matter so stated, will be rejected as surplusage, and if the justice seem to have pronounced on that, which is thus rejected to support the plea, the judgment will be reversed. A set-off allowed, though improperly, in a former suit before a*

ON *certiorari.* The now defendant declared in the court below, that he " let the said *Caleb* have a certain bay horse, " and a note of hand of sixteen dollars, in consideration of " which the said *Caleb let* · the said *Mathew* have a certain " sorrel horse, which the said *Caleb* warranted to be a sound " and good working horse, whereas he was totally unfit for " all manner of business, to the damage," &c. To this the plaintiff here, pleaded in bar, a set-off for these very damages, made by the defendant in a suit against him before another justice. Replication, denying the former trial, and alleging the illegality of the set-off. Rejoinder, affirming the former trial, and tendering an issue on that fact. Demurrer and joinder, upon which the justice ruled the plea insufficient, and without inquiry as to the fact of the former trial, went on to hear evidence on the point of damages, and pronounced judgment in favor of the plaintiff for twenty-five dollars.

*Shephard* for the plaintiff. The decision of the magistrate on the point of law was erroneous; for, on demurrer, judgment ought to be against him who commits the first fault. The declaration here is clearly bad; it wants time and place. Besides, " letting" a man have a horse, is not a sufficient consideration to maintain an action on a warranty; for if the plaintiff below was a mere bailee, he sustained no injury from the unsoundness of the animal. The replication is also bad. In the next place, as there was an issue offered on the fact of the former trial, the justice ought to have awarded a *venire* on that point; instead

of which he goes on to assess damages himself, on a matter in which no issue was pending, under the idea that the rejoinder was bad.

*Weston* contra. The declaration is substantially good, for enough appears to shew there was a demand, and term[*] is to be overlooked in pleadings before a justice. Substance, however, is required, and the plea shews the set-off was of such a nature, that it could not have been received.

*Per curiam.* It has been objected, that the word *let,* imports a bailment, and if so, that the unsoundness of the horse was immaterial, and not prejudicial to the plaintiff below. In reviewing the proceedings of magistrates, this court has decided that they will not require of the parties, who are to be presumed unversed in the forms of law, technical nicety, or legal precision. If the matter stated, shew a good ground of action, it is all that is requisite. To test proceedings in justices' courts by the rules of pleading adopted here, would be productive of the greatest injustice. The act giving jurisdiction to justices of the peace, requires of us, on *certiorari*, to pronounce judgment as the very right of the case shall appear, without regard to omissions, &c. in mere matters of form. In common parlance, " *let*," as used here, means *exchange*, and so the court will understand it.

With respect to the proceedings of the justice himself, the court will require a compliance on his part, with the forms prescribed by the statute. If these have been departed from, and are not waived or cured by the statute of *jeofails*, the proceedings cannot be supported. This principle was adopted in the case of *Day* v. *Wilber*.

The opinion expressed, extends to the exception taken to the replication. It denies substantially, that any trial had ever been had on the matter stated as the ground of the action. It also alleges that it could not lawfully have been set off; this the court will reject as surplusage, and wholly irrelevant. But the last objection is fatal. After the defendant below had answered the replication, by alleging that the same

justice, is a good plea in bar on another for damages on the ground of a set-off; though if exception be originally taken against the set-off, it may be urged as in this court.

---

[*] The record throughout, had not the semblance of legal forms or proceedings.

'ALBANY,
August, 1805.

matter had been tried, as stated in his plea, and tendering issue, the plaintiff demurred generally, and thereupon the justice decided in favor of the demurrer. There could have been no other ground for this determination than this ; that the rejoinder did not answer that part of the replication which stated, that it was unlawful for the plaintiff to have pleaded a set-off of this demand. That part of the replication we have been obliged to consider surplusage to support the replication itself, and it being so, an answer to it was unnecessary.

There has been injustice done by overruling the rejoinder, and thereby preventing the trial of a material fact, which, if true, ought to have barred the action.

We must not be understood as determining, that damages arising from a fraud can be legally set off before a justice. If, however, it be pleaded, and is not objected to, and a jury pass upon it, the consent of parties thus to be implied, will take away the error ; and it then becomes a bar to a subsequent suit. The judgment below must therefore be reversed on the last exception.