UTICA,
August, 1829.

Skelding
v.
Whitney.

---

## SKELDING *vs.* WHITNEY.

Where, in consequence of the want of ordinary care and skill in laying the foundations of a house, about to be erected,

THIS was an action on the *case*, tried at New-York circuit, in April, 1827, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The ground of complaint was, that the workmen of the defendant, in digging to lay the foundations of a store house *damage* was sustained by the owner of an adjoining house, and the parties thereupon entered into an agreement, by which it was stipulated that the work should proceed, that a partition wall should be built for the benefit of both parties, and that the *damages* and *compensation* should be passed upon by arbitrators ; which submission was revoked previous to an award made, and an action for breach of covenant brought by the person who built the house to recover a *compensation* for a portion of the wall, in which action the defendant *set off* his *damages, it was held*, that such damages were a legitimate subject of consideration in such action of *covenant*, under the agreement between the parties, and having been submitted to and passed upon by a jury, a suit could not subsequently be sustained for a recovery of the same damages.

*It seems* that where a defence has been insisted on in a former action, submitted to and passed upon by a jury, and not objected to by the plaintiff in such action, although such defence be not the subject of set off in such action, a party will be precluded from subsequently maintaining an action for the subject matter thus set off by way of defence.

about to be erected by him, undermined the walls of a store house belonging to the plaintiff, situate on the adjoining lot, whereby the store house was injured and lessened in value.

The defence set up was, that the damages claimed in this action had been urged as a set off by the present plaintiff, in a former action brought by the present defendant against him, and considered and allowed by a jury. It appeared that after the injuries complained of in the declaration in this cause had been principally done, the parties entered into an agreement under hand and seal, whereby, after reciting that the defendant (Whitney) was about to erect a store house on his lot, and to take down and rebuild the partition wall between the parties, it was agreed that Whitney should rebuild the wall, and have it done in a workmanlike manner, with a chimney and fire place for the use of Skelding. The whole subject matter between the parties relative to *damages* and *compensation* was referred to certain persons as arbitrators; the party against whom the award should be made to pay the sum awarded, on demand; and Whitney to give a good and sufficient conveyance to Skelding of the undivided half of the partition wall. Previous to any award being made, Skelding revoked the submission; whereupon Whitney brought a suit against him for a breach of his covenant. Skelding suffered judgment to pass against him by default, and the damages of the plaintiff were assessed by a sheriff's jury at six cents. After the plaintiff had rested his cause, and these facts had been shewn on the part of the defendant, the defendant offered to prove, that on the execution of the writ of inquiry in the cause of *Whitney* v. *Skelding*, Skelding appeared and proved, by way of set-off to the damages claimed by Whitney in that suit, *the identical damages* which he now sought to recover, and that the same were *allowed* to him by the sheriff's jury, and that *no objection was made* to his right to such allowance on the part of Whitney; which evidence was objected to by the plaintiff, and rejected by the judge. The defendant excepted. The plaintiff obtained a verdict for $300, which was now moved to be set aside.

*G. Griffin,* for defendant. The defendant ought to have been allowed to prove that the plaintiff had availed himself of the subject matter of this action, by way of defence in the action of the defendant against him. What has once been submitted to judicial investigation, cannot again be brought into question. (6 Johns. R. 168. 7 id. 20. 16 id. 136. 3 Cowen, 120.) And it matters not whether the defence interposed in the former action was properly a subject of set off or not, having been insisted on and not objected to by the opposite party ; and thus having had the benefit of the defence, the party urging it is precluded from again setting it up. The consent of parties takes away error. (13 Johns. R. 185. 3 id. 433. 3 Caines, 152, 4.) A former recovery may be given in evidence under the general issue. (1 Chitty's Pl. 486.) Besides, the *damages* of the plaintiff were legitimately a subject of defence in the action of the defendant against the plaintiff. By the agreement between the parties, the whole subject matter, *damages* as well as *compensation,* were submitted to the arbitrators; by the revocation of the submission, only the *triors* were charged ; a jury was substituted for the arbitrators.

*J. Anthon,* for plaintiff. The damage of the plaintiff was sustained previous to the agreement to submit. By the revocation of the submission, the parties were left in *statu quo.* (16 Johns. R. 205.) The defendant had no right to shew, by *parol,* that in his action against the plaintiff, the latter set off the subject matter of this action against the plaintiff's right of recovery in that case, because such proof is against the record. The record is of a suit in *covenant,* in which evidence of a *tort* was not admissible. To make a record in a former suit evidence, it should appear, *from the record itself,* that the matter alleged to have been considered in that suit, was in issue. (2 Johns. R. 24. 1 Esp. R. 43.)

*By the Court,* MARCY, J. As a defence to the present action, the defendant offered to prove that the damages now claimed were taken into consideration, and allowed without objection from the plaintiff, by the sheriff's jury, as a set off

to the demand claimed in the former suit between the same parties; but the judge refused to receive the evidence. The present application for a new trial rests mainly on the alleged error of this decision of the judge.

In the former suit, there was no issue; the plaintiff's damages were assessed by a jury, and adjudged by them to be merely nominal. Was the claim of the plaintiff, for which this suit was brought, one that could properly be considered by the jury as a matter of set off in the former suit? If it was not, the right of the plaintiff to sustain this action still remains, even if the jury did in fact allow it as a set off. Such is the rule laid down in the case of *Manny* v. *Harris*, (2 Johns. R. 24.) There seem, however, to be some exceptions to this general rule; they are found in the cases of *King* v. *Fuller*, (3 Caines, 152,) *Wilson* v. *Larmouth*, (3 Johns. R. 433,) *Curtis* v. *Groat*, (6 id. 168,) and *McLean* v. *Hugarin*, (13 id. 184.) In the latter case, it is said by the court, "Although the demand in this case sounds in *tort*, and might not, in strictness, have been admissible as a set off on the former trial, yet if it were admitted without objection, and has been once tried, that judgment is conclusive with respect to that matter." It seems to be somewhat difficult to reconcile these cases with that of *Manny* v. *Harris*, unless we assume that the jury, in the latter case, made the set off without the assent of the defendant to the former suit; which assent seems to form the exception to the general rule. If it be admitted that the damages of the plaintiff were not a proper matter for the consideration of the sheriff's jury, this case falls within the authority of those cases which are supposed to be exceptions to the general rule; for the proof offered was, that the damages claimed in this suit had been submitted to the jury in the former suit between these parties, by the present plaintiff, without objection from the present defendant, and were allowed by the jury as an off set to the demand in that suit. This case, however, does not, in my opinion, involve the necessity of attempting to harmonize the decisions referred to, or to say precisely what shall constitute exceptions to the rule laid down in the case of *Manny* v. *Harris*.

UTICA,
August, 1829.

Skelding
v.
Whitney.

UTICA,    I think that the damages sought to be recovered here were
August, 1829. *properly* brought before the jury in the former suit. Although

Orange Bank. the agreement was not entered into by the parties until most
v.    of the damage which is the subject of this suit had happened,
Brown.    yet, by fair interpretation, it is to be considered as relating not
only to what was to be, but what had been done by the de-
fendant, and to what damage had been, as well as what was
to be sustained by the plaintiff. The import of the agree-
ment is, that the whole matter should be submitted to and ad-
justed by the arbitrators. The suit instituted by the present
defendant, for the violation of the agreement, necessarily
brought under the consideration of the jury which assessed
his damages, not only the benefits which the defendant in that
suit had received, but the damages which he had suffered; for
his claim was for the excess of benefit over damage. The
plaintiff's damage having been once passed on by the jury, a
suit cannot be sustained for them. The judge, therefore, in
my opinion, erred in refusing to receive the evidence by
which the defendant offered to establish the fact that the cause
of action in this suit had been submitted to and passed on by
the jury in the former suit between these parties.

.    Motion for a new trial granted.