WILDER *v.* CASE and others.

Where a party in the defence of a suit sets up matter on the trial of the cause which is not properly available as a defence, as where he insists upon matter as a *set-off* which is not available as such, and testimony is produced in support of such defence, and submitted to and passed upon by the jury, such matter cannot again be brought up in a suit *by* such defendant, and if it be, the *former suit* and trial may be pleaded in bar of a recovery.

ERROR from the Orleans common pleas. Case and two other persons, in *March*, 1833, commenced a suit in a justice's court, against Wilder, and declared for breach of a *special contract* entered into between the parties, whereby Case and his associates agreed to clear 30 acres of land for Wilder and enclose the same in fence, and Wilder on his part agreed to give them a yoke of oxen, of the value of $70, and to allow them to raise a crop of wheat on the premises cleared, and also to give them further privileges. The plaintiffs averred that they were prevented by the defendant from putting in the crop, and also alleged that the defendant broke the agreement in various other particulars. The defendant pleaded the general issue, and also a *former suit* in bar of the plaintiff's recovery. The justice rendered judgment in favor of the plaintiffs for $33,50, and the defendant *appealed* to the Orleans common pleas. On the trial in that court, after the plaintiffs had established their right to recover, the defendant proved that in *February*, 1833, he commenced a suit in a justice's court against the now plaintiffs, and declared against them, upon the same contract, for not clearing the land; to which declaration the now plaintiffs pleaded the general issue, accompanied with a notice that, on the trial, they would prove performance on their part, and that the now defendant had not performed on his part, but had violated the agreement in all respects. On the trial of that cause, the now plaintiffs offered to prove, by way of *set-off*, the damages sustained by them in not being permitted to sow the wheat: which evidence being objected to, the justice ruled that the evidence was inadmissible to prove a

set-off, but that it might be given by way of defence to the action. Testimony was accordingly introduced by the now plaintiffs, to prove that the now defendant prevented them from sowing the wheat, and the evidence was submitted to the jury who tried that cause, who gave a verdict in favor of the now defendant for $15, upon which judgment was rendered. On this evidence being given, the counsel for the defendant in the common pleas insisted, that the former suit was a bar to a recovery in the suit then on trial. The court charged the jury, that if they should find that there had been a former trial, in which the subject matter of this suit was litigated, or should have been litigated, such former trial was a bar to a recovery. The defendant excepted to the charge, and the jury found a verdict in favor of the plaintiffs for $75, upon which judgment was rendered. The defendant sued out a writ of error, and one of the points insisted on in support of it, was that the common pleas had submitted to the jury the question of law as well as of fact in relation to the former trial.

*H. S. Goff*, for the plaintiff in error.

*A. Hyde Cole*, for the defendants in error.

*By the Court*, COWEN, J. I am satisfied, on the whole, that the introduction of the matter, by which the action in the common pleas was sought to be sustained as a *defence* in the suit before the justice, should have been put to the jury as a bar.

Admitting that it was not available as a *set-off*, because the claim was unliquidated, 2 R. S. 234, § 50, sub. 3; id. 236, § 58, sub. 5; or, if proper, that its exclusion on the objection of Wilder would have avoided the objection of omission to set-off, *Phinney* v. *Earle*, 9 Johns. R. 352, had the then defendants stopped there; yet it is well settled, that where a matter is improper by way of defence in a justice's court, (for example, by way of set-off,) if a party will introduce it, and he goes into its investigation with the view to make it available, and it passes and is submitted to the jus-

tice or a jury, it cannot be heard again. *M'Lean* v. *Hugarin*, 13 Johns. R. 184. *Skelding* v. *Whitney*, 3 Wendell, 154, 157, and cases cited by Marcy, J. at the latter page. *Curtis* v. *Groat*, 6 Johns. R. 168. But *M'Guinty* v. *Herrick*, 5 Wendell, 245, per Savage, C. J., seems contra; no cases, however, were cited by the C. J., and the point was not involved in the case. The jury, on the trial in which Wilder was plaintiff, either allowed or disallowed it as a defence; they allowed the whole or a part. Take the latter alternative. It has been again and again held, that you cannot split an entire claim into several parts and have more than one action. The same principle applies here. The defendants below could not divide their claim for damages and take a part of it, by way of *recoupment*, in the justice's court, and then come for the whole or any part of the claim to the common pleas. I understand by the decision which received the evidence, that it was to go as a defence in whole or in part; as a bar, or in mitigation of damages.

The only way in which the plaintiffs below could save their right to a subsequent suit, was by stopping short the moment that the qualified admission of their evidence was announced by the decision of the justice. Instead of that, they proceeded to give in evidence, and argued to the jury, the identical matter which they afterwards sued upon before another magistrate and set up on the appeal in the common pleas.

The rule is strict and technical, and may operate with severity in this instance; looking at the amount of the recovery and the other evidence, I fear that it does. So does, many times, the statute of limitations; but the courts and the community must maintain both. Excessive litigation is an evil, and the door must be shut against it on a single trial in the one case, or the lapse of six years in the other. All the law will permit by way of opening the judgment or decree of a court of competent jurisdiction, is a review of its decision for error, on appeal, or a proceeding in nature of an appeal by certiorari or writ of error. If the justice erred, there was a direct remedy in that way; but while the ver-

ALBANY,
Jan. 1837.

dict and judgment before him stood unreversed, it concluded the parties as firmly as if the matter had been passed upon by the highest court of judicature in the state.

The judgment of the common pleas must be reversed; *venire de novo* to issue from the common pleas.; costs to abide the.event.