## THOMPSON vs. WINELAND.

When a matter has once been adjudicated, although it may have been improperly pleaded, yet no objection having been made to its adjudication, such adjudication is final. Thus, where a party sued, pleads as a set-off a matter not properly pleadable, but no objection is made by the adversary, the judgment will be final as to such matter of set-off.

## APPEAL from St. Louis Court of Common Pleas.

### Statement of the Case.

The plaintiff sued defendant in assumpsit for money received by the defendant as clerk of the steamboat Henry Bry, of which boat the plaintiff was owner of seven-eighths.

The defendant pleaded, *first*, general issue; *second*, payment; *third*, set-off—and plaintiff replied taking issues.

The defendant then applied for leave to file a further plea, and filed a plea of a former recovery, as follows: "By leave of this court, the defendant, for further plea in this behalf, says that heretofore the plaintiff was principal owner of the steamboat Henry Bry, and the defendant having performed services on said steamboat during the time said plaintiff was such owner, he, the defendant, sued out of the court of Peter Cruess, a justice of the peace in St. Louis township, in St. Louis county, a warrant, on a complaint against the said steamboat, for services rendered to said boat, and such proceedings were had thereon before said court, that on the 10th day of March, 1845, the said Thompson recovered against said boat, in a trial on the merits, forty-four dollars and eighty-two cents; whereupon, the steamboat, by John Luke, her captain, appealed the said suit to the Circuit Court of St. Louis county, and afterwards, to-wit, on the third day of November, 1845, on a trial anew on appeal in said cause, such proceedings were had on said appeal, on a trial on the merits in said cause, that the said steamboat Henry Bry recovered against the said Thompson, by a final judgment on the merits in said cause, the costs and charges by the said steamboat in that behalf expended; and the said defendant avers, that on the said trial before the said justice, and on the said trial anew before the said Circuit Court, on appeal as aforesaid, the said steamboat, by her attorney, did set off against the demand of the said Thompson, in said trials on the merits as aforesaid, the same identical causes of action set forth in the said plaintiff's declaration, and no other or different causes of action; and the said same causes of action were then and there, before said Circuit Court, on the said appeal, heard, tried, determined and adjudged on the merits, and this the defendant is ready to verify."

To this further plea, the plaintiff filed two replications.

*First*, replication of "*nul tiel record.*"

*Second*, replication, " That the causes of action in this suit are not the same identical causes of action contained in the pretended set-off of the steamboat Henry Bry, in said pretended suit in said fourth plea pleaded as therein alleged, but are other and different causes of action."

To these replications, the plaintiff, as to the first replication to the fourth plea, rejoined, *"That there is such a record of said judgment remaining in the St. Louis Circuit Court,"* &c.

To the second replication to the fourth plea, " That he doth the like."

On these issues, the cause came on for trial, and after the evidence was submitted to the court and jury, the plaintiff withdrew his second replication to the fourth plea; and thereupon, the court, on inspection of the record in the said suit of *Thompson* vs. *the Steamboat Henry Bry*, found for the defendant, Thompson, " That there is such a record," and judgment ought immediately to have

been entered for the said Thompson on such finding, as the defendant insisted before the court at the time of such finding. The court, however, permitted the case to go to the jury on the issues of the general issue, payment and set-off; the defendant objecting thereto, the jury found the damages of the plaintiff at $107, and such verdict was entered. The plaintiff then "moved for final judgment, notwithstanding the verdict for the defendant on the issue of *nul tiel record* upon the fourth plea of the defendant of the judgment in the case of Thompson vs. Steamboat Henry Bry, rendered in the Circuit Court for the county of St. Louis."

This motion for "*judgment non obstante veredicto*," was sustained by the court, the defendant insisting that it should not be allowed, and moving for judgment on the finding of the court.

To these proceedings of the court, the defendant, Thompson, then and there objected and excepted, and filed his bill of exceptions.

EAGER & HILL, *for Appellant.*

On the trial of this cause, the court found the issue on the replication of *nul tiel record* to defendant's plea of former recovery, for the defendant; and the plaintiff having withdrawn his second replication to that plea, judgment that the defendant *hath perfected the record* ought immediately to have been entered. 2 Tidd's Pr., 690.

The plea of *former recovery* went to the whole action, and it was irregular to permit the case to go to the jury after the finding of the court that the defendant *had perfected the record.*

The finding of the court on the replication of *nul tiel record*, to the plea of former recovery, is a complete bar to the recovery of the plaintiff. Stat. of Mo., Pr. at Law, art. 6, sec. 7, 8 subd'n; 2 John. R., 181, 191, 200; 11 ib., 457; 16 ib., 136; 8 ib., 453; 3 Cain, 152; 3 John., 433; 13 ib., 184; 5 Wend., 240; 16 Wend., 583, in point.

TODD, *for Appellee,* insists:

1. The appellant not having filed any motion for a new trial, the judgment of the court below should be affirmed. Higgins vs. Breen, 9 Mo. R., p. 497.

2. The appellant's only exception in the case is to the decision of the court granting the appellee's motion for judgment. Hence, the only inquiry that can be in the case is whether that decision be correct.

A correct test of this is, to consider whether said plea is a bar, or in other words, whether it was a good plea on demurrer. Stephens on Pleadings, p. 129.

3. The evidence not being preserved, the court cannot see whether or not judgment be rendered for the right party.

NAPTON, J., *delivered the opinion of the Court.*

The action of the Circuit Court in giving the plaintiff the benefit of the verdict upon the general issue, without regard to its finding on the issue presented by the plea of former recovery, must have proceeded on the ground that the plea presented an immaterial issue.

The objections now made to the plea of former recovery are two fold. The first class of objections is to the form of the plea, which, as there was no demurrer, cannot now be noticed. The principal objection is,

*Thompson* vs. *Wineland.*

that the set-off which the plea recites, was inadmissible in the former suit, and is therefore no bar to the present action. We do not think it material in this action whether the set-off was a proper one or not. The reasons suggested by the counsel for the defendant in error against the admissibility of such set-off are certainly forcible, and probably conclusive. But we consider it as well settled, that where a defence has been insisted on in a former action, submitted to and passed upon by a jury, and not objected to by the plaintiff, the party making such defence cannot afterwards maintain an action for the matter thus set off. The record of the former suit is a bar. McLean vs. Hugarin, 13 J. R., 184; Lawrence vs. Houghton, 5 J. R., 129; Skelding vs. Whitney, 3 Wend., 154; Wilder vs. Case, 16 Wend., 583. The case of Manny vs. Harris (2 J. R., 24) has been thought to conflict with the adjudications just referred to, but it certainly maintains no principle favorable to the defendant in error. It merely recognizes the principle that, in order to make a record evidence, it should appear that the matter sought to be concluded by that record was in issue, and that the record itself must show this. The plea in the present case alleges that the matter here sought to be tried anew was in issue in the former case, and the finding on the plea of *nul tiel record* shows that the record itself must have established the truth of the plea. The general principle above referred to is a sound and just one. If a party makes a defence not strictly admissible, and that defence is tried and passed upon without objection by the other party, it is but right that the party offering the defence should not, in another action, be permitted to question its propriety. If the record does not show the fact, the question may be altered, and the doctrine in Manny vs. Harris may then be considered.

The other Judges concurring, the judgment is reversed