By the Court. Bosworth, J.
There seems to have been a misapprehension, by both parties, of the existing provisions of the Code in relation to the cases in which a plaintiff may demur. ,
There cannot now be a demurrer to new matter in an answer constituting a defence, unless such new matter sets up a' counter-claim.
The allegation of new matter, not relating to a counter-claim, is not to be replied or demurred to, but “ is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require.” Code, § 168.
When it contains new matter constituting a counter-claim, the plaintiff may either reply, as to such new matter, by denying the allegations of it, or by a statement of other facts constituting; a defence to it, or he may demur to it for insufficiency. Code, § 153.
The misapprehension has- probably arisen from the fact that while §§ 153 and 168 were amended, § 154 was not modified.
It should have been amended by striking out the word “ defence,” and inserting in its place the word “ counter-claim.” After the amendments, passed on the 16th of April, 1852, took effect, only that part of the answer constituting a counter-claim could be replied to. (§ 153.) ■
A reply to new matter, not relating to a counter-claim, is not now allowed. The Code puts it in issue, and the issue is one of fact, to be tried by a jury. (§ 168.)
Section 154, to be sensible, must now be construed as speaking of new matter to which a plaintiff has a right to reply or demur at his election. , The only new matter to which either a reply or demurrer may be interposed at the election of the plaintiff, is such as constitutes a counter-claim.
• The section must be construed and applied as it would be if the word “ counter-claim,” instead of the word “ defence,” was contained in it.
' The demurrer cannot, properly speaking, be said to be frivolous. It was wholly irregular and unauthorized, as much so as a demurrer to the plea of non assumpsit.
*675 Ho such proceeding is authorized by the Code when an answer sets up a defence, which is not a counter-claim. If an answer contains new matter not relating to a counter-claim, and such new matter does not state facts constituting a defence, the plaintiff must either move for judgment, on account of the frivolousness of the answer (Code, § 247), or to strike out such new matter as irrelevant, if it relates to only one of several causes of action, or constitutes one of several separate defences. (Code, § 160.)
If but a single defence be set up, and that applies to the" sole cause, or to all the parses of action contained in the complaint, and the defence be frivolous, §"243 will enable the plaintiff to obtain a judgment on motion, without the delay of a trial.
"■ If such defence be applicable to one only of several causes of action, or if other defences be also interposed, it can be stricken out as irrelevant, under § 160.
Ho order should have been made on the demurrer. The order appealed from must be reversed. As there has been an entire misapprehension by both parties as to the proper practice, in cases like that before us, and as the irregularity was one which did not, at the time, attract the attention of the court, each party must bear his own costs,