## SUPREME COURT.

### MILLER agt. LOSEE.

Where the defendant in his answer sets forth a cause of action arising upon contract other than that which constitutes a set-off, the plaintiff may reply any facts which would have constituted a defence, had the defendant sued the plaintiff for such cause of action.

If the plaintiff brings his action upon a note, and the defendant states a cause of action constituting a set-off, and the plaintiff has another cause of action which would constitute a set-off to the defendant's claim, had the defendant brought an action upon the claim he set-off, the plaintiff may *reply* his other cause of action as a set-off and *defence* to the defendant's set-off; which, under § 153 of the Code, will constitute a *defence* to the new matter in the answer.

The court, under the present system of pleading, must take notice of *equitable set-offs* and *defences* as well as legal.

*Erie Special Term, May,* 1854. Action upon a note of $80. The defendant denied all the allegations in the complaint, and then "for a further defence and counter claim," stated in his answer several set-offs; and also statements of facts constituting causes of action against the plaintiff, which would not be permitted as set-offs merely. These statements of facts constituting set-offs, and causes of action, were separately stated.

The plaintiff replied, denying all the allegations in the answer, and then "for a further reply and defence to the new matter contained in the defendant's answer," made statements

of demands for, 1. Work and labor; 2. For goods, wares, and merchandize, sold and delivered; 3. For money lent and advanced, &c.; 4. For carrying and conveying divers goods, wares and merchandize for the defendant, and for the use of boats and vessels, &c.; and he alleged that there was due to him the sum of one thousand dollars for and on account of the claims and demands of the plaintiff against the defendant as therein stated, over and above all defence and counter claims which the defendant has against the plaintiff, and the note upon which the action is brought.

The defendant moved to strike out all the new matter in the reply, or to set that part of it aside.

> T. C. WELCH, *for Defendant.*
> AUGUSTUS FORD, *for Plaintiff.*

MARVIN, Justice. The answer of the defendant may contain, 2d, " a statement of any new matter constituting a *defence* or *counter claim.*" (*Code*, § 149.) The defendant, in the present case, has set forth in his answer several separate statements of new matter, constituting, under the revised statutes, set-off; and also, separate statements of new matter constituting causes of action against the plaintiff upon contract, which are not authorized by the revised statutes as set-offs. These latter statements of new matter are authorized by the second subdivision of section 150 of the Code. This section defines a counter claim. It must arise out of one of the following causes of action. The 2d cause is: " In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action." In the present case the action is upon a note, and the counter claims are upon special contracts made by the plaintiff with the defendant, and damages are claimed for the breach of the contracts.

By section 153, when the answer contains new matter constituting a counter claim, the plaintiff may reply to such new matter, denying each allegation controverted by him, and he may allege any new matter, not inconsistent with the complaint, constituting a *defence* to such new matter in the answer. It

can hardly be argued that this provision does not authorize the plaintiff to allege in his reply any new matter which will constitute a defence to the cause of action set forth as a counter claim, and which did not constitute, under the revised statutes, a set-off. It is insisted, however, by the defendant's counsel that the plaintiff cannot reply a set-off to the set-off stated in his answer.

I can see no objection, under the Code, to the plaintiff's meeting the defendant's set-off in this manner. It may be conceded that the statutes, prior to the Code, did not authorize the plaintiff to reply a set-off to the plea of set-off by the defendant; but it does not follow that he may not do so now.

The present Code, touching pleadings in courts of record, does not use the term set-off, nor did the Code of 1848. The Code of 1848 used the term *defence* only; and I have no doubt, as the Code then stood, that a defendant might have availed himself of a set-off, and stated it as new matter, constituting a defence. By the amendments of 1849, the word "set-off" was inserted in section 149 after the word defence, probably to obviate any doubt. (See Ranney agt. Smith, 6 *How Pr. R.* 420; Willis agt. Taggard, 6 *How. Pr. R.* 433.)

By the amendments of 1852 the word "set-off" was omitted, and "counter claim" inserted, by which it was intended to include set-off, recoupment, and other causes of action as defined in section 150. The second subdivision of § 150, in connection with § 149, as we have seen, authorizes a defendant to state any other cause of action arising also on contract, and existing at the commencement of the action. Now this undoubtedly includes a set-off. He who has a set-off has a cause of action arising on contract. The provision, however, goes much further, and includes any cause of action arising on contract.

As above stated, it was my opinion that, as the Code of 1848 stood, with the word *defence* only, a defendant could avail himself of a *set-off*, or could recoup, because, as to the former, the revised statutes authorized a set-off, and the decisions of the courts constituting law, authorized recoupment, and they were

Miller agt. Losee.

*defences* within the meaning of that term as used in the Code. Some of the judges expressed the opinion that the word *defence*, as used in the Code, meant a *bar* to the action, and with this construction set-off and recoupment might have been excluded. As to the construction of the word "defence," as used in the Code, see Houghton agt. Townsend, 8 *How. P. R.* 441.

By the present Code, (§§ 149 *and* 150,) the defendant is authorized to insert in his answer new matters not before allowed. He may state any cause of action arising upon contract. It is called a counter claim, and by § 153 the plaintiff may reply to such new matter, and allege any new matter constituting a *defence* to such new matter in the answer. Here we have the word *defence* again. It is clear to my mind that when the defendant in his answer sets forth a cause of action arising upon contract,—other than that which constitutes a set-off,—the plaintiff may reply any facts which would have constituted a defence, had the defendant sued the plaintiff for such cause of action; and the only serious question that can be made, is whether he may reply a set-off to the set-off stated in the answer. Assuming that he was not, by statute, prior to the Code, permitted to do so, still I think that the Code now authorizes it. If the plaintiff, as in this case, brings his action upon a note, and the defendant states a cause of action constituting a set-off, and the plaintiff has another cause of action which would constitute a set-off to the defendant's claim, had the defendant brought an action upon the claim he has set-off, I think the plaintiff may reply his other cause of action as a set-off and *defence* to the defendant's set-off; and that in contemplation of section 153, it will constitute a *defence* to the new matter in the answer.

It may not be improper to add that courts of equity possessed and exercised jurisdiction touching set-offs, prior to any statutes upon the subject, and that although since the statutes relating to set-offs they have generally followed the statutes, still they have not been limited strictly by the provisions of the statutes as courts of law were; but they often gave relief in cases not provided for by the statutes. They had rules of

Miller agt. Losee.

their own, founded upon principles of equity. Now, so far as
pleadings are concerned, we have but one system for adminis-
tering law and equity, or rather for ascertaining the rights of
parties, whether depending upon those principles known as
legal or equitable. Would not a court of equity, in a case
where the defendant had interposed a set-off to the complain-
ant's demand, and the complainant had an account not em-
braced in his bill; sufficient to compensate in whole or in part
the defendant's set-off, apply the doctrine of compensation or
set-off to the accounts? Cases may exist when it would be
highly equitable to do so, and very inequitable to permit the
defendant to apply his demand or account to the claim set
forth in the bill, when the complainant had other accounts,
which, when applied, would satisfy the defendant's set-off. In
such cases a court of equity would, I think, have applied the
account of the complainant in payment or compensation of the
defendant's account. (*See Story's Eq.* § 1431, *et seq.;* Par-
sons agt. Nash, 8 *How. Pr. R.* 454.)

It is declared by the Code that a defendant may set forth by
answer as many defences and counter claims as he may have,
whether they be such as have been heretofore denominated
legal or equitable, or both, § 150. I suppose that we are to
take jurisdiction of equitable set-offs as well as legal, or
such as the revised statute specifies, and that we are to take
notice of equitable as well as legal defences to set-offs pleaded
by a defendant. The motion must be denied, with costs.