# SUPREME COURT.

## WINTHROP P. BLAKE agt. JOSEPH ELDRED and others.

Section 160 of the Code was intended as a substitute for exceptions for impertinence, as allowed under the former chancery practice. A *whole pleading* was never struck out for impertinence, nor will a whole answer or defence be stricken out for *redundancy*. The word "pleading," in § 160, is synonymous with "answer" or "defence."

The rule is, that if an *answer*, a *separate denial*, or *defence*, otherwise good, is loaded with unnecessary or redundant matter, a motion should be made to have the matter expunged under § 160.

If either of such *pleadings* contain *new matter*, not redundant, and doubts are entertained of its sufficiency in law, it may be tested by *demurrer*.

If the *whole answer* be *frivolous*, application for judgment under § 247 is the proper remedy.

If an *answer, denial*, or *separate defence*, is false or irrelevant, the only remedy is a motion to strike out under § 152.

Where *every part* of an *answer* is objected to as irrelevant and redundant, although by *several exceptions*, it must be regarded as an exception to the *whole pleading*, and an application to strike out under § 160, as to each exception, cannot be entertained, because it would give to the motion the effect of a demurrer, or a decision under § 152.

A party, seeking to have matter expunged, must specify the parts deemed irrelevant or redundant. The court cannot be required to examine the whole pleading, and select the parts to be removed.

Where the notice of motion, under § 160, contains the *general prayer for relief*, the motion may be made under § 152, which will reach the whole answer, denial, or separate defence, although verified.

Where the defendant merely "*says* that he denies," &c., it is a sham defence; it is no denial, but a negative pregnant. The Code requires a *direct* and *positive* denial.

A general and specific denial is not permitted to the *same parts* of a complaint; but an answer may contain a *specific denial* to one part of a complaint, and a *general denial* to the remainder.

Thus, where the defendant, to certain parts of the complaint, designating them, interposes a specific denial absolutely, and of his own knowledge, and then interposes a general denial, on information and belief, of every other allegation in the complaint, the two denials do not conflict, and both are consistent with the Code.

But where the defendant answers on information and belief, and then denies all the allegations in the complaint " inconsistent with the *facts*" alleged, and

Blake agt. Eldred.

stated in the answer, it is insufficient. *Answering* on information and belief is not *denying* on information and belief. The Code requires the denial to be "of any knowledge or information sufficient to form a belief."

*Franklin Special Term, April,* 1858.

MOTION to strike out the whole of an answer as irrelevant, redundant, and immaterial.

The action was for the specific performance of an agreement for the sale of real estate. The separate answer of Eldred contained a specific denial, a general denial, and six separate defences; the two latter—the six years and the ten years' statute of limitations. The notice of motion divided the application into eight specifications, each being to the whole of a denial or answer, and all to the whole pleading.

J. HUTTON, *for plaintiff.*
J. R. FLANDERS, *for defendant.*

JAMES, Justice. By the Code, all forms of pleading theretofore existing were abolished, and now the forms of pleadings in civil actions, in courts of record, and the rules by which the sufficiency of pleadings are to be determined, are those prescribed by that act (§ 140). The answer of a defendant must contain—1st. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. 2d. A statement of any new matter constituting a defence, in ordinary and concise language, without repetition (§ 149). A plaintiff may demur to an answer containing new matter, when, upon its face, it does not constitute a defence (§ 153). Sham and irrelevant answers and defences may be stricken out on motion, &c. (§ 152). If irrelevant or redundant matter be inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby (§ 160). If an answer be frivolous, the party prejudiced thereby may apply to a judge, either in or out of court, for judgment thereon, and judgment may be given accordingly (§ 247). These are the

rules prescribed by the Code, and which must govern the court on this motion.

It will be observed that a demurrer does not now lie to an answer, unless it contain new matter, and only to such new matter, or a part thereof. Before the amendment of 1857 to § 153 of the Code, a demurrer for insufficiency was allowed. Then a defective denial could be reached by such plea, now it cannot. If the whole answer, or if the whole of any one of several separate denials or defences in an answer, be sham, or irrelevant, it may be reached by motion under § 152. If the answer, denial, or defence contain irrelevant or redundant matter, it must be reached by motion under § 160.

Under the decision of this court, in *Arthur* agt. *Brooks* (14 *Barb.* 533), the first denial is insufficient. It contains no denial. The defendant merely "*says* that he denies," &c. That is but a negative pregnant. The Code requires a direct and positive denial. Such defect cannot now be demurred to as formerly. It can only be reached by motion to strike out the denial under § 152, which may be done notwithstanding the answer is verified. (*Reed* agt. *Latson*, 15 *Bar.* 9 & 17.) If such a defective answer cover the whole pleading, application to the court, or a judge, for judgment, might be made under § 247 ; but where the answer contains other defences than the one complained of, the defect cannot be reached under that section. (*Quin* agt. *Chambers*, 1 *Duer*, 673.)

This application was under § 160. That section was intended as a substitute for exceptions for impertinence, as allowed under the former chancery practice. A whole pleading was never struck out for impertinence, nor will a whole answer or defence be stricken out for redundancy. The word "pleading," in § 160, is synonymous with "answer" or "defence."

The rule which governs these cases is this : if an answer, a separate denial, or defence, otherwise good, be loaded with unnecessary or redundant matter, a motion should be made to have the matter expunged under § 160: if either of such pleadings contain new matter, not redundant, and doubts are

entertained of its sufficiency in law, it may be tested by demurrer: if the whole answer be frivolous, application for judgment, under § 247, is the proper remedy: and if an answer, denial, or separate defence, be false or irrelevant, the only remedy is a motion to strike out, under § 152. (*Nichols* agt. *Jones*, 6 *How*. 358.)

No part of this motion can be granted under § 160. Each application is to strike out the whole of a denial or defence, and all include the whole pleading. If the word "pleading," in § 160, was not to be construed as synonymous with "answer" or "defence," it could make no difference with this case; because, where every part of an answer is objected to, as irrelevant and redundant, although by several exceptions, it must be regarded as an exception to the whole pleading. The court cannot speculate whether any one or more of the denials or defences will be sustained. If all that is asked for was granted, no answer would remain; that would give to a motion to strike out redundant matter the effect of a demurrer, or a decision under § 152. (6 *How*. 352–5; 8 *id*. 150.)

Nor can the plaintiff, under his notice of motion in this case, have a portion of any one or more of the denials stricken out, even though they contain irrelevant or redundant matter. A party seeking to have matter expunged must specify the parts deemed irrelevant or redundant. The court cannot be required to examine the whole pleading, and select the parts to be removed. It is enough that the court decide the question when the objectionable matter is specifically pointed out. (6 *How*. 353; 4 *id*. 68.)

The notice for this motion, however, contains the general prayer for relief, and may therefore be considered as if made under § 152. A motion under that section reaches the whole answer, denial, or separate defence, as the case may be. The objection to the first denial is fatal. As I have already before shown, it is no denial—it is a sham, and must be stricken out.

The second denial is objected to " as irrelevant and redundant; that a defendant cannot deny the allegations of a complaint on information and belief; nor can there be both a

general and specific denial to the same answer." If this denial contained redundant matter, it could not be reached on this motion. A general and specific denial is not permitted to the same parts of a complaint; still, an answer may contain a specific denial to one part of a complaint, and a general denial to the remainder. In this case, to certain parts of the complaint, designating them, the defendant interposes a specific denial, absolutely and of his own knowledge: he then interposes a general denial—intended, no doubt, to be on information and belief—of every other allegation in the complaint. I do not think the two denials conflict—and both are consistent with the Code, and may be included in the same answer in denial of the complaint.

But I am inclined to think this second denial a sham. It answers on information and belief, and then denies all the allegations in the complaint "inconsistent with the *facts*" alleged and stated in the answer. Code, § 149, requires the defendant to deny the material allegations of the complaint absolutely, or of any knowledge or information sufficient to form a belief. Answering on information and belief is not denying on information and belief; and if it were, it would not aid the pleading, because such a denial is not authorized by the Code. It should be a denial "of any knowledge or information sufficient to form a belief." Neither is a denial of all the allegations of the complaint, inconsistent with the *facts* stated in the answer, sufficient. The court cannot know which of the allegations and statements in the answer are *facts*, or whether any facts are stated. This denial is therefore defective, and must be stricken out.

Neither of the other defences stated in the answer are false, sham, or irrelevant, and, therefore, not one of them can be stricken out. Several of them contain irrelevant and redundant matter, which might be reached by motion, on proper notice, under § 160.

In granting a motion under § 152, it may be upon such terms as the court may in its discretion impose. The denials in this case are both struck out, but with leave to the defend-

People *ex rel.* Bank of Commonwealth agt. Commissioners of Taxes.

ant to serve an amended denial, or denials which, together with the several defences in the present pleading, shall stand as the answer of the defendant,

The motion to strike out the several defences in the answer is denied.

Neither party to have costs.