By the Court — Robertson, J.
The Code allows an answer to contain a statement of new matter constituting a defense or counterclaim, (§ 149;) defines the persons between whom, and the actions in which, a counterclaim may be pleaded; and specifies the nature of the causes of action which may be set up as such, (§ 150.) The persons are those between whom a separate judgment may be. given in the action. The actions may be for other causes besides those arising on contract, (Xenia Branch Bank v. Lee, 7 Abb. Pr., 372;) subject only to the condition that where they are not on a contract the counterclaim must arise oat of the transaction which is the foundation of the *145 claim or be connected with the subject of the action. The plaintiff has the privilege of replying to an answer containing new matter, by denial of its allegations if it constitutes a counterclaim, or by demurrer, if it does not. (§ 153.) If he fails to do either within a certain time the defendant may obtain whatever judgment he is entitled to, upon such statement, and even a writ of inquiry of damages. (§ 154; Miller v. Losee, 9 How. Pr., 356; Houghton v. Townsend, 8 Id., 441; Quin v. Chambers, 1 Duer, 673.) The defendant has also the privilege of demurring to a reply to a defense set up in the answer, and is required to state the grounds of his demurrer. (White v. Joy, 3 Kern., 89.)
The Code specifies certain objections to a complaint, which, when they appear on its face, may be taken by demurrer, (§ 144;) or. by answer, when they do not. (§ 147.) The defendant is held to have waived them if he does not take them by one of those modes, unless they are objections either to the jurisdiction of the Court or the sufficiency of the facts stated in the complaint to constitute a cause of action. (§ 148.) Any provision in similar language for demurrers to answers or replies is wanting. It has however, been held, that the objections that the answer does not state enough to show a defense must be taken by demurrer. (Fabricotti v. Launitz, 3 Sandf., 743.) Even a complaint may be attacked, on demurrer to an answer, for insufficiency or not showing jurisdiction in the Court, (People v. Banker, 8 How. Pr., 261; Fry v. Bennett, 5 Sandf., 54; Stoddard v. Onondaga Ann. Conf., 12 Barb. 575,) unless the answer sets tip a counterclaim. The reasons expressed for the doubts as to a counterclaim, show how entirely it is looked upon as a new action grafted on the original one. (Graham v. Dunnigan, 6 Duer, 629.)
A plaintiff cannot disregard an issue formed by him, upon the ground that it is upon an immaterial allegation. (Livingston v. Miller, 4 Seld., 289.) Even an allegation, the omission of which would, on demurrer, make an answer defective as a defense, may be considered as so far supplied *146 by a failure to demur, as to allow evidence of it on the trial, (White v. Spencer, 4 Kern., 248;) and yet if such answer as a counterclaim were entirely defective in showing a good, cause of action against the plaintiff the defendant would be deprived of the benefit of it. (Boyce v. Brown, 7 Barb., 81.) So that the rules applicable to objections to a complaint may be considered as equally applicable to an answer setting up a counterclaim; and where an issue of fact is raised upon it, the plaintiff must be deemed to have waived other objections to form or any amendable defect.
A defendant may have a counterclaim interposed by him rejected on the trial as not proved. But is he precluded from setting off a recovery for a good cause of action set up. in his answer and proved, simply because it is not a subject of set-off in this action if objected to ?
. It is very clear that the defendants could have obtained judgment for the claim set out in .the answer, under section 154 of the Code, if the plaintiff neither joined issue on the facts nor demurred to their sufficiency; on such an application the Court would not have passed on such sufficiency,'but would leave the plaintiff to his demurrer. But the plaintiff having joined issue on the facts, the defendants were compelled to proceed to trial of them. Their failure to appear and give evidence would have made the judgment against them, on the issue so joined, final; as the pleadings, where they exist, and issues framed by them, are the sole test of what has been determined by a previous adjudication. (Burdick v. Post, 12 Barb., 168.) They could not bring a new suit for the same cause of action and claim that the judgment against them in this was not binding, merely because the claim was not a proper subject of set-off. The plaintiff, therefore, prevented the defendants from taking judgment by default, but failed to object by demurrer in proper form and at the proper time, to a trial of their claim in this cause, and compelled the defendants to prepare for trial upon the issues of fact joined, at the hazard of a. perpetual: bar against *147 any action for the same cause. They cannot therefore be allowed thus to ensnare the defendants, and must be held to have waived all objections to trying in this action, the cause of action, if any, set out in the answer.
The permission to the plaintiff to demur, to an answer, when, upon its face, it does not constitute a defense or counterclaim, and to reply where it does, and the authority to the defendant to enter up judgment where he does neither, constitute the only modes of disposing of a defense or counter attack, consisting of a set-off or counterclaim. The exception of the want of jurisdiction of the Court and insufficiency of the statement of the cause of action only, in a pleading, from the rule requiring the demurring party to set out his objections, shows the policy of the Code in regard to them, to compel a party to take them at the earliest period, and apprise his adversary of their nature, to enable him to obviate them. The denial of the right of setting off damages for a cause of action because it is a tort is purely technical. If a separate action should .be brought and a recovery had, the Court might have permitted the same result by a set-off of the judgments. There is therefore no hardship or irregularity in allowing defendants to waive such second action and application, and propose to reach the same result by a trial and judgment in this, and for the plaintiff to accept the offer, by a reply, taking issue on the facts, instead of rejecting it by a demurrer.
That the erroneous exclusion, by the Court, of a counterclaim properly in issue, would be fatal to the claim in another suit is well settled. (Jackson v. Parkhurst, 5 Johns., 128; Grant v. Button, 14 Id., 377.) So where pleaded and not objected to, although the set-off was a tort, it would be equally fatal. (King v. Fuller, 3 Cai., 152; McLean v. Hugarin, 13 Johns., 184; Wilder v. Case, 16 Wend., 583. The record would establish the points in issue; and proof of the exclusion of testimony would be as useless to defeat, as proof of its reception if not relating to claims in the pleadings, would be to extend the effect *148 of that record. (Campbell v. Butts, 3 N. Y. R., [3 Comst.,] 173.) If the defendants do not recover in this action for the damages alleged to have been sustained by them by the acts set out in their answer, they never can in any other. It therefore lay with the plaintiff at the time of putting in his reply, to determine whether both he and the defendants should be bound by the result of the trial in this action of the issues offered by the defendant. He made his election and both parties are now bound by such stipulation of record.
The exclusion of the evidence offered by the defendants to sustain their answer was therefore erroneous, and the judgment should be reversed with costs to abide the event.