CHARLES B. HAMMOND, Respondent, *v.* CHARLES TERRY, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1870.)

The defendant's claim for his proportionate part of a debt, due from the plaintiff, to a firm in which they were sole copartners, the firm being dissolved but its accounts unsettled between them, is not a proper subject of counter-claim, in an action against the defendant on his note.

And this is so, although the defendant avers, that, upon accounting, there would be a balance due to him, and asks that such accounting may be had.

But where the defendant interposed such a claim, by way of counter-claim, in his answer, and the plaintiff, instead of demurring, replied, taking issue thereon. It was *held*, that he had waived the right to object to evidence given upon the trial to maintain it.

APPEAL from judgment entered on a referee's report.

This action was brought to recover the amount due on a promissory note given by the appellant to the respondent for the purchase price of one-half of a threshing machine. The only relief asked for by the complaint is a judgment for the amount found due on the note. Soon after the giving of the note, the parties entered into a partnership for the purpose of threshing grain. The partnership transactions were not at the time of the trial settled. The answer admits the giving of the note, sets up the partnership, asks for an accounting,

and if any balance shall be found due defendant that it be applied in payment of the plaintiff's note. The plaintiff served a reply, taking issue upon the answer, and disputing the claim for a balance due on settlement of copartnership accounts.

The defendant upon the trial made various offers to prove the copartnership transactions, which were refused by the referee, and exception taken to the decision.

The referee reported in favor of the plaintiff, and exceptions were duly taken to his report.

Judgment was duly entered upon the report, and the defendant appealed.

*W. L. Dailey,* for the appellant.

*De Witt C. Curtis,* for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. The main question to be determined in this case is in regard to the construction to be put upon section one hundred and fifty of the Code of Procedure, which provides " that the defendant may set forth by answer as many defences and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."

This enactment has repeatedly been the subject of judicial interpretation, and, whatever opinion might be entertained, if the question now raised was an original one, and presented for the first time, in accordance with a well settled rule it must be considered as *res adjudicata,* if the same has been decided by a tribunal of co-ordinate jurisdiction. This, I think, has been done in *Ives* v: *Miller* (19 Barb., 196). In that case an action was brought upon a promissory note, and the defendant alleged in his answer that the parties had been members of a copartnership firm, which was dissolved prior to the giving of the note; that the accounts of the firm had never been settled and adjusted between the parties; that the

firm owed the defendant the sum of $1,000, one-half of
which the plaintiff was liable to pay the defendant, and
demanded an account; and that, whatever was found due the
defendant, should be allowed him as a set-off. Upon demur-
rer it was held, that, whatever claim the defendant might
have against the firm was not a counter-claim against the
plaintiff nor the subject of set-off. The case of *Gage* v.
*Angell* (8 How. Pr. R., 335), which is cited and relied upon
by the defendant, is commented upon in the opinion of the
court and disapproved, and as that case was a Special Term
decision, it must be considered as overruled by the General
Term in *Ives* v. *Miller*. A distinction is sought to be made
between the two cases, upon the ground that the answer in
*Ives* v. *Miller* did not allege, as it did in *Gage* v. *Angel,* that
plaintiff owed the firm, or that anything would be found
due from the plaintiff to the defendant on a final settlement.
The answer to this position is, that the opinion of the court
discusses and covers this point fully, and settles the principle
which is involved here adversely to the defendant's views.
Although the opinion holds that in cases of natural equity,
where the party is insolvent and the defendant therefore in
danger of losing what may be found due him on a final settle-
ment, he would be entitled to relief by a cross-action, it does
not maintain the position that this relief could be had in the
same action by setting up the alleged defence by way of
answer. It appears to me that there would be obvious injus-
tice in such a proceeding, as the plaintiff only asks for judg-
ment for the amount of the note, and, upon an accounting, if
a balance was found in his favor in the partnership trans-
actions, it may be questionable whether a judgment could
properly be had in favor of the plaintiff beyond the amount
claimed in his complaint.

It is insisted by the defendant's counsel that this defence
having been pleaded, and the plaintiff not having demurred
to the answer, and having taken issue thereon by replying
thereto, has thereby recognized its regularity, and agreed to
try said issue in this case. In *Ayers* v. *O'Farrell* (10 Bosw.,

143) it was held, that, a plaintiff in an action who does not demur to the answer therein, which sets up as a counter-claim a demand not properly admissible as such in said action, but takes issue upon it by replying thereto, thereby agrees to try in such action the merits of the demand, and to leave the result of such trial avail therein as though such demand was the proper subject of a counter-claim therein, and thus waives any right to object in such trial to the admission of evidence to sustain it. The opinion of the court in the case is well reasoned, and I am at loss to see how it can be overcome. It is decisive of the point discussed, and, I think, disposes of the question. Although not entirely binding upon this court, yet as the authority of a tribunal possessing co-ordinate jurisdiction within a limited sphere, it is entitled to great weight, and, as I can see, no sufficient and satisfactory answer to the positions thus assumed. I think it must be controlling in the case at bar.

It follows that the referee erred, and the judgment entered upon his report must be reversed and a new trial ordered, with costs to abide the event. The order of reference should also be vacated.

Judgment reversed.