JACOB CARPENTER, RESPONDENT, *v.* THE MANHATTAN
LIFE INSURANCE COMPANY, APPELLANT.

*Counter-claim—what may be pleaded as such, as being " connected with the subject of the action "—Code of Civil Procedure,* § 501—*as to whether a reply to a counter-claim admits it to .be allowable as such.*

In an action by the plaintiff, to recover damages for an alleged conversion of certain wood by the defendant, the latter alleged, as a counter-claim, that the wood in controversy was the product of trees grown upon certain lands upon which it had a mortgage ; that the plaintiff, being a junior. mortgagee . in possession, and knowing that the lands were an insufficient security for the payment of the defendant's mortgage, and that the mortgagor was insolvent, wrongfully and fraudulently, and with intent to cheat and defraud the defendant, and to impair the security of its mortgage, committed waste on the said premises, by cutting the said wood, to the defendant's damage of $500.

*Held,* that the cause of action set up in the counter-claim was "connected with the subject of the action," and that it might be pleaded as a counter-claim, though the action was for a tort.

*Quære,* as to whether or not a plaintiff, by replying to a counter-claim, waives his right to insist that the matters therein set up are not the proper subject of a counter-claim.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to recover damages for an alleged conversion by the defendant of certain wood belonging to the plaintiff. The defendant, after denying the plaintiff's ownership, set up the following counter-claim :

" *First.*—That on the 28th day of September, 1871, one George W. Markham, then the owner in fee of the premises mentioned in

the complaint, executed and delivered to the defendant a bond, and with Emily, his wife, a mortgage on the said premises to secure the payment to the defendant of the sum of $45,000, with interest, which mortgage was recorded in Westchester County Register's office, in Liber 551 of Mortgages, page 361; that thereafter in default of payment of the said sum of $45,000, with interest as aforesaid, the defendant foreclosed the said mortgage, and that the said premises were sold under judgment and decree in foreclosure in favor of the defendant in this action on the 16th day of January, 1879, by a referee duly appointed by the court for that purpose, and that at such sale this defendant became the purchaser of said premises, and obtained on said day from said referee a deed of conveyance of the same, and was on the 23d day of January, 1879, in lawful possession of the same as the owner thereof; that over and above the price paid for the said premises on such sale by the defendant there was a deficiency, accrued interest and costs of foreclosure of said mortgage, amounting to the sum of $17,128.65, for which sum judgment was entered and docketed against the said George W. Markham, one of the defendants in the action of foreclosure, which remains unpaid.

" *Second.*—And this defendant further answering alleges on information and belief, that the said George W. Markham is now, was at the time of said foreclosure and sale, and had been for three years prior thereto, wholly insolvent, and that the plaintiff in this action knew him to be so, and that the said premises were an insufficient security for this defendant's claim aforesaid against the said George W. Markham, which the plaintiff also knew; that knowing that the said premises were insufficient security for the defendant's claim as aforesaid, the plaintiff being a second mortgagee of the said premises, and in possession of the same, between the 7th day of November, 1877, and the 23d of January, 1879, wrongfully, fraudently and with the intent to cheat and defraud this defendant, and with the intent to reduce the defendant's security for its claim against the said Markham aforesaid, and to deprive it of such security cut, or caused to be cut, from the said premises the wood mentioned in the said complaint, thereby wasting the said premises, and lessening and reducing the security

of this defendant for its claim aforesaid, to this defendant's damage in the sum of five hundred dollars."

The plaintiff served a reply to the counter-claim denying all the allegations thereof, and setting up new matter by way of avoidance.

Upon the trial the court refused to receive evidence in support of the counter-claim, on the ground that the cause of action therein set forth was not allowable as a counter-claim in this action.

*Martin J. Keogh*, for the appellant. The plaintiff, by replying, accepted the counter-claim and elected to adjudicate the issues thereby raised in this action. (*Ayers* v. *O'Farrell*, 10 Bosw., 147; *Hammond* v. *Terry*, 3 Lans., 188, 189.) Though as a general rule a counter-claim cannot be set up by a defendant in an action in tort, the tendency of recent decisions, and especially under the Code, has been to relax the rule as far as possible, and afford the defendant an opportunity of litigating, without a separate action, any claim which he may have against the plaintiff which is within the spirit or meaning of section 501. (*Tompson* v. *Kessel*, 30 N. Y., 389; *Fettrech* v. *McKay*, 47 Id., 427; *Isham* v. *Davidson*, 51 Id., 240.)

*Miles & Wood*, for the respondent. Although the facts relied upon by the defendant, as a counter-claim, would constitute a cause of action, yet they would not impair the plaintiff's title to the severed wood, or in any manner give the defendants any title to or lien upon it. (*Wilson* v. *Maltby*, 59 N. Y., 129; *Peterson* v. *Clark*, 15 Johns., 204; *Van Pelt* v. *McGraw*, 4 N. Y., 112.) Nor do they, in this action for the conversion of the wood, constitute a valid counter-claim. (*Smith* v. *Hall*, 67 N. Y., 51; *Bissell* v. *Pearse*, 21 How. Pr., 141; *Huelet* v. *Reyns*, 1 Abb. Pr. N. S., 27, 29, 30; *Chamboret* v. *Cagney*, 2 Sweeney, 378, 385; *Anderson* v. *Hill*, 55 Barb., 238, 246; *Lehmair* v. *Griswold*, 40 N. Y. Super. [J. & S.] 101.) Counter-claims are not admissible in actions for a conversion. (*Smith* v. *Hall*, 67 N. Y., 51; *Lehmair* v. *Griswold*, 40 N. Y. Super. [J. & S.] 100; *Piser* v. *Stearns*, 1 Hilt., 86, 88; *Chambers* v. *Lewis*, 2 Id., 591; *Huelet* v. *Reyns*, 1 Abb. Pr. N. S., 27, 29, 30. See also *Murden* v. *Priment*, 1 Hilt.,

75.) The same point is indirectly held in *Harris* v. *Curet*, 9 Abb. Pr., N. S., 200, 203. Even in actions on contract, for rent, the tenant cannot counter-claim a trespass committed upon the leased premises by the landlord during the term. (*Edgerton* v. *Page*, 20 N. Y., 285 ; *Drake* v. *Cockroft*, 4 E. D. Smith, 39 ; *Cram* v. *Dresser*, 2 Sandf., 125, 126 ; *Mayor, &c.* v. *Parker Vein Steamship Co.*, 21 How. Pr., 292 ; *Xenia Bank* v. *Lee*, 2 Bosw., 694.)

GILBERT, J. :

In *Hammond* v. *Terry* (3 Lans., 188), this court held, adopting the decision in *Ayres* v. *O'Farrell* (10 Bosw., 147), that a reply to a counter-claim operated as a waiver of an objection, that the same was not allowable. But the Court of Appeals have since expressed a contrary opinion, without, however, referring to these cases. (*Smith* v. *Hall*, 67 N. Y., 51.)

Assuming that the plaintiff's reply was not a waiver, the question remains whether the facts alleged constituted a proper subject of a counter-claim. The action is one to recover damages for the conversion of sixty-five cords of wood. The defendant alleged, as a counter-claim, that it held a mortgage on certain lands, that the wood in controversy was the product of trees grown upon the said lands, and that the plaintiff, being a junior mortgagee in possession, knowing that the said lands were an insufficient security for the payment of the defendant's mortgage, and that the mortgagor was insolvent, wrongfully, fraudulently and with intent to cheat the defendant, and to impair the security of the said mortgage, committed waste on the said premises, by cutting the wood in controversy therefrom, to the defendant's damage of $500. It is not disputed that such facts are a good cause of action against the plaintiff. (*Gardner* v. *Heartt*, 3 Den., 232; *Van Pelt* v. *McGraw*, 4 N. Y., 110.) But in an action brought to recover damages for a tort, a tort committed by the plaintiff cannot ordinarily be pleaded as a counter-claim. It must be " connected with the subject of the action." (Code Civ. Pro., § 501.)

We think the defendant's cause of action is so connected. The subject of the action is the wood converted. Assuming that the plaintiff acquired title to the wood, he did so by acts which rendered him

liable to the defendant for the damages occasioned by such acts. In other words, the plaintiff's property in the wood was the result of the waste committed by him. If he had not committed the waste, the trees would have remained and formed a part of the mortgaged premises. Thus the waste is, we think, inseparably connected with the conversion of the wood, which is the subject of the action. (*G. & H. Manuf. Co.* v. *Hall*, 61 N. Y., 236.) It is not easy to define what was intended by such a general phrase as " connected with the subject of the action." Such language does, however, plainly indicate a design to enlarge the scope of the old rule relating to set-off and recoupment, and to authorize an application of the equitable principle, that cross claims growing out of the same matter or controversy should be determined in one action, and that the balance, only, found to be due, should be recovered. To that end the provision cited should receive a liberal interpretation. (See *Thompson* v. *Kessel*, 30 N. Y., 389 ; *Fettretch* v. *McKay*, 47 Id., 427 ; *Isham* v. *Davidson*, 52 Id., 240.)

The judgment must be reversed, and a new trial granted, with costs to abide the event.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.